**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-50271

_____

RAUL EULALIO GARNICA-VASQUEZ,

Petitioner-Appellant,

v.

JANET RENO, Attorney General of the United States;
DORIS MEISSNER, Commissioner, Immigration and Naturalization Service;
LUIS GARCIA, El Paso District Director, Immigration and Naturalization Service;
UNITED STATES DEPARTMENT OF JUSTICE,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

May 4, 2000

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

## BACKGROUND

Garnica-Vasquez was admitted to the United States as a lawful permanent resident in 1962. In February of 1997, he was placed on deferred adjudication for the offense of indecency with a child and placed under community supervision for eight years. In May of 1997, he was detained by the INS and taken into custody. He was then charged with removability pursuant to the Immigration and Nationality Act ("INA") § 237 (a)(2)(A)(iii) based on his conviction of an aggravated felony as defined in § 101(a)(43) of the INA.[1]

---

[1] Garnica-Vasquez asserts that he was not an "aggravated felon" since his criminal conviction was merely a deferred adjudication.

In July of 1997, an Immigration Judge made a finding that Garnica-Vasquez had been convicted of an aggravated felony and ordered his removal to Mexico. In August of 1997, Garnica-Vasquez appealed the removal order to the Board of Immigration Appeals ("BIA"). In September of 1997, the BIA dismissed the appeal and terminated the proceedings. Finally, in September of 1998, Garnica-Vasquez filed his habeas petition in the district court. In March of 1999, the district court granted the Government's motion to dismiss. This appeal followed.

## ANALYSIS

This case is controlled by a recent opinion of this Court. *See Max-George v. Reno*, 205 F.3d 194 (5th Cir. 2000); *see also Finlay v. Immigration and Naturalization Service*, No. 99-20319 (5th Cir. 2000) (filed simultaneously with the instant case and dismissed for lack of jurisdiction). In *Max-George*, this court held that the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") removed all federal habeas jurisdiction under § 2241 (a)(2)(C), a provision which applies to the removal of certain criminal aliens. *See id.* at 201. Not only was habeas jurisdiction under § 2241 removed, but any remaining habeas jurisdiction under the Constitution was insufficient to encompass Max-George's claim, which was essentially a claim for a "'review of [a] discretionary decision [] by the political branches of government.'" *See id.* at 202 (quoting *Yang v. INS*, 109 F.3d 1185, 1195 (7th Cir. 1997)).

In *Max-George*, this Court concluded that the IIRIRA permanent rules completely stripped the federal courts of habeas jurisdiction under § 2241. *Id.* at 197-198. We found no

Suspension Clause problems however, for several reasons.[2] First, even without § 2241, criminal aliens are entitled to direct review of BIA removal orders. Final removal orders of the BIA can be appealed to the courts of appeal for review of various issues including (1) whether the specific facts exist that bar review, such as whether the alien is an aggravated felon; (2) whether the conditions which bar review are being constitutionally applied (e.g., is the definition of "aggravated felon" being applied retroactively in an unconstitutional fashion); and (3) whether the remaining level of judicial review comports with the Suspension Clause and due process.[3] *See Max-George,* 205 F.3d 194, at 199-201.

Second, the Suspension Clause only protects against suspension of the constitutional writ, and the constitutional writ is narrower than § 2241. Accordingly, this Court held that even though some form of habeas relief must still exist under the Constitution, it was not broad enough to encompass the petitioner's claims, which were based in the immigration context, an area over which Congress's power is paramount. *See id.* at 201-202. As the court concluded:

> [W]e need not here describe the breadth of the Suspension Clause's guarantee. However, it is clear that in the present context, where despite IIRIRA's limitations "the alien still receives substantial judicial review," *Richardson*, 180 F.3d at 1316, any Suspension Clause guarantee which Max-George can claim is satisfied.

*See Max-George*, 205 F.3d 194, at 202 (citing *Richardson v. Reno*, 180 F.3d 1311 (11th Cir. 1999), *cert. denied*, __ S.Ct.__, 2000 WL 305842).

---

[2] *See* U.S. Const. Art. I, §9 ("The Privilege of the Writ of Habeas shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it").

[3] *See also United States v. Hayman*, 342 U.S. 205, 223 (1952) (congressional substitution of alternative judicial review procedures for habeas procedures does not violate the Suspension Clause, so long as the scope of review under the substituted procedures would be commensurate with the scope under whatever habeas review the Constitution mandates).

In the present case, the deportation proceedings against the Garnica-Vasquez began after April 1, 1997, and thus this case is governed by the IIRIRA permanent rules. *See id.* at 197 n.3. Consequently, habeas jurisdiction under § 2241 is eliminated for Garnica-Vasquez, and any remaining habeas jurisdiction under the Constitution is insufficient to encompass his claims. *See id.* at 201.

Garnica-Vasquez did not directly appeal his final removal order. Thus, we are simply faced with a petition for habeas corpus. "[U]nless a petitioner proves that his or her claims are within the writ constitutionally protected (a situation which, as the Seventh Circuit noted, is unlikely), we must summarily dismiss for lack of jurisdiction." *Id*. at 202. We do not review his underlying claim that he was not an "aggravated felon" since his criminal conviction was merely a deferred adjudication. However, this Court notes that under *Moosa v. INS*, 171 F.3d 994 (5th Cir. 1999), a deferred adjudication is one kind of conviction for the purposes of the INA. Furthermore, this definition of conviction applies retroactively, and so it does not matter whether the definition was in place at the time the appellant pleaded guilty. *See id.* at 1007, 1007-09 ("Congress intended for the definition . . . to be applied retroactively."); *see also Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 308 (5th Cir. 1999) ("'Congress has the authority to make past criminal activity a new ground for deportation'").

## CONCLUSION

In substance, Garnica-Vasquez's claim is the same as the underlying claim of the Petitioner in *Max-George*: both complain that the retroactive application of a criminal categorization violated due process. Therefore, just as in *Max-George*, we find in the instant case that the Petitioner has not presented a claim that is within the scope of the habeas writ remaining

under the Constitution.  Accordingly, we AFFIRM the district court's dismissal of Garnica-Vasquez's habeas petition for lack of jurisdiction.