**Revised May 18, 2000**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-20319

_____

DEREK JOHNSTON FINLAY,
Petitioner-Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE,
Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

May 4, 2000

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

**BACKGROUND**

Finlay appeals the district court's dismissal of his petition for a writ of habeas corpus. The district court dismissed his petition for lack of jurisdiction. Finlay received a final order of removal (deportation) in May 1998, stemming from the revocation of parole after a 1992 arson conviction. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) limited the jurisdiction of the federal courts to review certain deportation orders. *See* 8 U.S.C. § 1252(g).

Specifically, under the IIRIRA, an alien has 30 days to appeal his order, and appeal can

only be to the courts of appeals, not the district courts. Because Finlay failed to appeal to the court of appeals within 30 days, his statutory appeal is barred. Finlay, however, asserts that alternative jurisdiction exists because the IIRIRA did not clearly and explicitly eliminate habeas corpus jurisdiction under 28 U.S.C. § 2241.

### ANALYSIS

This Court recently decided the extent to which federal habeas review has survived the IIRIRA's jurisdictional limitations.[1] *See Max-George v. Reno*, 205 F.3d 194 (5th Cir. Feb. 24, 2000); *see also Garnica-Vasquez v. Reno, Et Al.*, No. 99-50271 (5th Cir. 2000) (filed simultaneously with the instant case and dismissed for lack of jurisdiction). *Max-George* and the current case each present essentially the same factual scenario: The Board of Immigration Appeals entered a final removal order against a resident alien who had been convicted of an aggravated felony. The alien did not directly appeal the removal order. The alien then attempted to seek federal habeas relief under § 2241. In each case, the alien's substantive complaint was that his due process rights were violated by the retroactive application of a rule that categorized his prior offense as a conviction for an aggravated felony.

In *Max-George*, this Court held that IIRIRA's permanent rules removed all federal habeas jurisdiction under § 2241 with regard to orders of removal that fall within 8 U.S.C. § 1252 (a)(2)(C), a provision which applies to the removal of certain criminal aliens. *See id.* at 201. Not only was habeas jurisdiction under § 2241 removed, but any remaining habeas jurisdiction under the Constitution was insufficient to encompass the Appellant's claim, which was essentially a

---

[1] In the instant case, the deportation proceedings against the Appellant began after April 1, 1997, and thus this case is governed by the IIRIRA permanent rules. *See Max-George v. Reno*, 205 F.3d at 197 n.3 (5th Cir. Feb. 24, 2000).

claim for a "'review of [a] discretionary decision[] by the political branches of government.'" *See id.* at 202. (quoting *Yang v. INS*, 109 F.3d 1185, 1195 (7th Cir. 1997)). This court also noted that a retroactively applied criminal categorization in the immigration context was not a due process violation. *See Max-George*, 205 F.3d at 200 (citing *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 308 (5th Cir. 1999) ("'Congress has the authority to make past criminal activity a new ground for deportation.'")).

Finlay claims that the application of an Ex Post Facto law denied him the chance to obtain discretionary relief from removal. Specifically, Finlay was convicted of arson in 1992, but arson was not determined to be an aggravated felony for the purposes of the INA until 1994. Having been convicted of an aggravated felony, Finlay was not entitled to discretionary relief. *See* INA § 238 (b)(5). As previously noted, however, it is well-settled that Congress can attach new immigration consequences to past criminal activity. *See Requena-Rodriguez,* 190 F.3d at 308. Moreover, the denial of discretionary relief does not rise to the level of a constitutional violation, even if Finlay had been eligible for it. *See, e.g.*, *Tefel v. Reno*, 180 F.3d. 1286, at 1300 (11th Cir. 1999). Thus Finlay suffered no constitutional violations.

## CONCLUSION

Because Finlay's Ex Post Facto claim is essentially the same due process claim in *Max-George*, the holding of *Max-George* dictates that the district court's dismissal of Finlay's habeas petition be affirmed. As the court in *Max-George* noted: "[U]nless a petitioner proves that his or her claims are within the writ constitutionally protected (a situation which . . . is unlikely), we must summarily dismiss for lack of jurisdiction." *Id.* at 202. Accordingly we AFFIRM the district court's dismissal of Finlay's habeas petition for lack of jurisdiction.