IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51081
Summary Calendar
_____


JUAN MANUEL MONTES

                Petitioner - Appellant

        v.

JOHN ASHCROFT, U.S. Attorney General;
LUIS GARCIA, District Director of the
El Paso District of the Immigration
Naturalization Service

                Respondents - Appellees

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-293-DB
- - - - - - - - - - -
May 18, 2001

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Juan Manuel Montes appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction.  Montes argues that the district court incorrectly based its dismissal on its erroneous finding that he did not file a petition for review from the decision of Board of Immigration Appeals (BIA).

     The permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) apply because the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal proceedings against Montes commenced after April 1, 1997.
See Max-George v. Reno, 205 F.3d 194, 197 n.3 (5th Cir.),
petition for cert. filed, (U.S. Aug. 23, 2000) (No. 00-6280).

Montes was found removable based on his conviction for armed robbery.  This court held in Max-George that the "IIRIRA's permanent provisions eliminate § 2241 habeas corpus jurisdiction for those cases that fall within [8 U.S.C.] § 1252(a)(2)(C)." Max-George, 205 F.3d at 199.  Because Montes' order of removal falls within the provisions set forth in 8 U.S.C. § 1252(a)(2)(C), the district court lacked jurisdiction to consider the instant 28 U.S.C. § 2241 petition.  The error of fact regarding whether Montes had filed a petition for review from the BIA's decision does not bring this case within the scope of the habeas writ remaining under the Constitution.  See Garnica-Vasquez v. Reno, 210 F.3d 558, 560 (5th Cir. 2000).

Accordingly, the district court's judgment of dismissal is AFFIRMED.