IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-60172
Summary Calendar

———————————

JERONIMO MORALES-PALACIOS,

Petitioner,

versus

JOHN ASHCROFT, UNITED STATES ATTORNEY GENERAL,

Respondent.

- - - - - - - - - - -
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A24 842 892
- - - - - - - - - - -
January 29, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jeronimo Morales-Palacios has filed a petition for review of
the Board of Immigration Appeals' ("BIA") order denying his
motion to reopen his deportation proceeding, which he filed so
that his application for suspension of deportation under the
Nicaraguan Adjustment and Central American Relief Act ("NACARA")
could be adjudicated.  The BIA denied the motion, which was filed
on September 11, 1998, as untimely under the applicable NACARA

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

regulatory deadlines because Morales did not supplement it with the requisite documents by November 18, 1999.  <u>See</u> 8 C.F.R. § 3.43(e)(2).

Morales does not deny that his motion was untimely.  He argues that the INS deprived him of his right to Fifth Amendment Due Process by not reopening removal proceedings pursuant to NACARA § 203 where he demonstrated ineffective assistance of counsel.  However, both the motion to reopen and the suspension of deportation relief sought by Morales are discretionary forms of relief in which he has no due process interest.  <u>INS v. Yueh-Shaio Yang</u>, 519 U.S. 26, 29-30 (1997); <u>INS v. Doherty</u>, 502 U.S. 314, 323 (1992); <u>INS v. Abudu</u>, 485 U.S. 94, 107 (1988).  Aliens who seek only discretionary relief from deportation have no constitutional right to receive that relief or to otherwise remain in the United States.  <u>See Harisiades v. Shaughnessy</u>, 342 U.S. 580, 586-87 (1952); <u>Finlay v. INS</u>, 210 F.3d 556, 557 (5th Cir. 2000).  Nor did the BIA abuse its discretion in relying on <u>Matter of Lozada</u>, 19 I. & N. Dec. 637, 638 (BIA 1988), to deny relief on Morales' claim of ineffective assistance of counsel, as Morales did not meet the <u>Lozada</u> requirements.  <u>See Lara v. Trominski</u>, 216 F.3d 487, 498 (5th Cir. 2000).

For the foregoing reasons, Morales' petition for review is DENIED.