United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

No. 02-41427

HERMILO BRAVO AND MARIA BRAVO-RUBIO,

Petitioners-Appellants,

VERSUS

JOHN ASHCROFT,
UNITED STATES ATTORNEY GENERAL;
ANNE ESTRADA,
DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE,

Respondents-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
m 9:02-CV-247

Before DAVIS, SMITH, and DUHÉ,
   Circuit Judges.

JERRY E. SMITH, Circuit Judge:

   Hermilo Bravo and Maria Bravo-Rubio, husband and wife and citizens of Mexico, appeal the denial of their 28 U.S.C. § 2241 petition for writ of habeas corpus challenging their deportation order. Relying on *INS v. St. Cyr*, 533 U.S. 289, 326 (2001), they contend the district court erred by dismissing for lack of jurisdiction. We affirm.

### I.
   The Bravos are natives and citizens of Mex-

ico who entered the United States in 1985. In 1997, they were placed in removal proceedings pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), for having entered without inspection. They conceded removability and applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1) or, alternatively, voluntary departure.

The immigration judge ("IJ") accepted the Bravos' evidence that they (1) had been physically present in the United States for a continuous period of not less than ten years; (2) were persons of good moral character; and (3) had not been convicted of any of the proscribed offenses listed in the cancellation statute, 8 U.S.C. § 1229b(b)(1)(A)-(C). For purposes of the statute's final requirement, however, the IJ determined that the Bravos had failed to establish that their child, a United States citizen, would be subject to "exceptional and extremely unusual hardship" if returned to Mexico with his parents. 8 U.S.C. § 1229b(b)-(1)(D). Accordingly, the IJ denied the Bravos' application for cancellation of removal and granted their application for voluntary departure.

The Bravos appealed the decision to the Board of Immigration Appeals ("BIA"), which summarily affirmed without opinion. Thereafter, the Bravos filed the instant petition seeking habeas and injunctive relief. Relying on *St. Cyr*, they sought review of the IJ's determination that the "exceptional and extremely unusual hardship" prong of § 1229b(b)(1) is inapplicable.

The Immigration and Naturalization Service ("INS") moved to dismiss, arguing that the district court lacked jurisdiction to review the "discretionary" decision to deny the Bravos'

application for cancellation of removal. The district court agreed, finding that the case was distinguishable from St. *Cyr* because the IJ's adverse "hardship" ruling did not present a pure question of law.

II.

We review *de novo* the district court's legal determinations regarding jurisdiction. *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 302 (5th Cir. 1999). Section 1229b(b)(1) states:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alienSS
>
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1127-(a)(2), or 1227(a)(3) of this title; and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1). Though the Bravos concede removability on the first three prongs, they argue that the IJ used the wrong standard

in evaluating whether their child, a U.S. citizen, would be subject to "exceptional and extremely unusual hardship" if deported.[1]

The government argues that the district court lacked jurisdiction under § 1252(a)-(2)(B), which states, *inter alia*, that "no court shall have jurisdiction to reviewSS(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." 8 U.S.C. § 1252(a)(2)-(B)(i). Had the Bravos petitioned this court for direct review, the plain language of § 1252(a)(2)(B) would divest us of jurisdiction to review the IJ's denial of § 1229b(b)(1) cancellation. *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

Absent "a clear statement of congressional intent," however, the divestment of "judicial review" does not preclude habeas corpus review. *St. Cyr*, 533 U.S. at 298. In *St. Cyr*, the Court addressed whether the district court in that case had jurisdiction to review the Attorney General's decision to apply the Illegal Immigration Reform and Immigrant Responsibility Act's ("IIRIRA's") automatic deportation provisions retroactively.[2] The government had argued that 8 U.S.C. §§ 1252(a)(1), (a)(2)(C), and (b)(9)SSsubsections that, like § 1252(a)(2)(B), concern IIRIRA's jurisdictional reachSSstripped the district court of habeas jurisdiction. Although the Court agreed that the barring of "judicial review" precluded direct review of the Attorney General's decision, it found that the respondent had properly sought a § 2241 petition, which may be used broadly to challenge orders of deportation as being "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Importantly, the habeas petition in *St. Cyr*, 533 U.S. at 308, challenged a "pure question of law"SSwhether new IIRIRA provisions should be applied retroactively. In construing the reach of habeas review, the Court noted the traditional "distinction between eligibility for discretionary relief, on the one hand, and the favorable exercise of discretion, on the other hand."[3] *Id.* at 307. Although federal courts retain habeas jurisdiction to review statutory and constitutional claims, there is no jurisdiction to review denials of discretionary

---

[1] In his oral decision, the IJ stated: "I do not find that the evidence even remotely comes close to establishing any semblance of hardship to this U.S. citizen child as a consequence of going back to Mexico. His youth, the fact that he's apparently fluent in Spanish for his age, suggest that he will [develop] an ability to acclimate to life in Mexico . . . ."

[2] In *St. Cyr*, the respondent, who had been admitted to the United States ten years previously as a lawful permanent resident, pleaded guilty to a controlled substance crime. At the time he pleaded, St. Cyr was eligible to apply for a § 212(c) depor-
(continued...)

[2](...continued)
tation waiver. The INS, however, placed him in removal proceedings approximately one year laterSS*after* § 212(c) had been repealed by IIRIRA. In his habeas petition, St. Cyr argued that § 212(c) remained available to aliens who had pleaded guilty to a deportable crime before IIRIRA's enactment.

[3] *See also St. Cyr*, 533 U.S. at 314 n.38 ("[A]s we have noted, the scope of review on habeas is considerably more limited than on APA-style review. Moreover, this case raises only a pure question of law as to respondent's statutory eligibility for discretionary relief, not, as the dissent suggests, an objection to the manner in which discretion was exercised.").

relief. *Finlay v. INS*, 210 F.3d 556, 557 (5th Cir. 2000).[4] This distinction comports with the historical understanding of the writ of habeas corpus as a mechanism for remedying for an official's refusal to exercise discretion, but not a "substantively unwise exercise of discretion." *St. Cyr*, 533 U.S. at 307.

In interpreting the transitional rules in effect before enactment of IIRIRA's permanent provisions,[5] a determination of "exceptional and extremely unusual hardship" is "clearly a discretionary act."[6] *Moosa v. INS*, 171 F.3d 994, 1012 (5th Cir. 1999) (quoting *Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir. 1997)). Based on the Bravos' child's age and fluency in Spanish, the IJ found that he would not suffer hardship as a consequence of going to Mexico. The Bravos argue that the IJ failed to account for other factors that would support a finding of extreme hardship; they do not raise statutory or constitutional arguments. As a discretionary decision, the IJ's determination is not a proper subject of habeas review.[7]

AFFIRMED.

---

[4] *See Sol v. INS*, 274 F.3d 648, 651 (2d Cir. 2001) ("[F]ederal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and BIA."); *Bowrin v. INS*, 194 F.3d 483, 490 (4th Cir. 1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited."); *Catney v. INS*, 178 F.3d 190, 195 (3d Cir. 1999) ("Following passage of AEDPA and IIRIRA, we no longer have jurisdiction to review a denial of discretionary relief to a criminal alien.").

[5] The transitional rules governed challenges to BIA decisions issued on or after October 31, 1996, in deportation proceedings initiated before April 1, 1997. *Rodriguez-Silva v. INS*, 242 F.3d 243, 246 (5th Cir. 2001).

[6] Before enactment of IIRIRA, INA § 244, 8 U.S.C. § 1254(a)(1) (now repealed), provided that the Attorney General, "in [his] discretion," could suspend the deportation of an otherwise deportable alien if the alien: (1) had been physically present in the United States for seven years; (2) was of good moral character; and (3) whose removal would, "in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an (continued...)

---

[6](...continued) alien lawfully admitted for permanent residence."

[7] The Bravos also contend that the BIA's summary affirmance of the IJ's decision was improper. We have rejected this argument, holding that the summary affirmance procedures of 8 C.F.R. § 3.1(a)(7) do not violate due process, nor deprive a district court of jurisdiction. *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003).