**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-60849
Summary Calendar

---

JOSE JAVIER FUENTES-GONZALEZ,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76-836-429
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Javier Fuentes-Gonzalez petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's decision to deny his application for cancellation of removal under the Immigration and Nationality Act. He argues that this court has jurisdiction to review the denial of his application for cancellation of removal and that "the BIA failed to properly consider facts bearing on [his] individual circumstances and failed to state its reasons for its conclusory and generic decision."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have previously approved of the BIA's authority to affirm the Immigration Judge's decision without giving additional reasons. See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003). When, as in this case, the BIA affirms without opinion, this court has jurisdiction to review the Immigration Judge's determination that the petitioner did not amass 10 years of continuous physical presence in the United States as required for cancellation of removal under 8 U.S.C. § 1129b(b)(1)(A). Mireles-Valdez v. Ashcroft, 349 F.3d 213, 215, 217 (5th Cir. 2003). The Immigration Judge determined that Fuentes' testimony regarding when he arrived in the United States was not credible. We will not disturb this credibility determination. See Garcia-Melendez v. Ashcroft, 351 F.3d 657, 662 (5th Cir. 2003). There was substantial evidence to support the Immigration Judge's determination that Fuentes did not amass the 10 years of continuous physical presence in the United States as required by 8 U.S.C. § 1129b(b)(1)(A).

We do not have jurisdiction to review the Immigration Judge's determination that Fuentes' children would not suffer an "exceptional and extremely unusual hardship" if they were deported to Mexico. See 8 U.S.C. § 1229b(b)(1)(D); 8 U.S.C. 1252(a)(2)(B)(i); Bravo v. Ashcroft, 341 F.3d 590, 592 (5th Cir. 2003). Accordingly, Fuentes' petition for review is DENIED.

2