United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60971
Summary Calendar

_____

GERMAIN MANUEL CAMEY-MIRANDA,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75-903-238
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Germain Manuel Camey-Miranda petitions for review of an order
of the Board of Immigration Appeals affirming the Immigration
Judge's decision to deny his application for cancellation of
removal under the Immigration and Nationality Act. Camey contests
the merits of the BIA's decisions that he was statutorily
ineligible for cancellation of removal on the ground of moral
character and because he failed to demonstrate the requisite

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

hardship. The Respondent contends that Camey's petition should be dismissed for lack of jurisdiction because the BIA's determinations on hardship and moral character are discretionary determinations precluding judicial review.

This court does not have jurisdiction to review the Immigration Judge's discretionary determination that Camey's children would not suffer an "exceptional and extremely unusual hardship" if Camey were deported to Guatemala. See 8 U.S.C. § 1229b(b)(1)(D); 8 U.S.C. 1252(a)(2)(B)(I); Bravo v. Ashcroft, 341 F.3d 590, 592 (5th Cir. 2003). Because the Immigration Judge's determination on hardship is fatal to Camey's application, and that determination is not reviewable, it is unnecessary to address the Immigration Judge's finding on moral character.

PETITION DISMISSED.