United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60263
Summary Calendar

ANTONIO TORRES-PIEDRA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(A78 195 755)
---------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:*

Petitioner Antonio Torres-Piedra ("Torres") petitions this court for review of the decision of the Board of Immigration Appeals (BIA) summarily affirming the order of the Immigration Judge (IJ) that denied Torres's application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). Torres contests the merits of the IJ's determination that he was statutorily ineligible for cancellation of removal on the ground of continuous presence and because he failed to demonstrate the requisite hardship. The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Respondent has filed a motion requesting that we dismiss the petition for lack of jurisdiction because the IJ's determination on hardship is a discretionary one that is immune from judicial review. We agree.

We lack jurisdiction to review the IJ's discretionary determination that Torres's children would not suffer an "exceptional and extremely unusual hardship" if Torres were deported to Mexico. See 8 U.S.C. § 1229b(b)(1)(D); 8 U.S.C. 1252(a)(2)(B)(i); Bravo v. Ashcroft, 341 F.3d 590, 592 (5th Cir. 2003). As the IJ's determination on hardship is fatal to Torres's application, and that determination is not subject to judicial review, it would be a hollow act for us to consider the IJ's finding on continuous presence, much less rule on it. The Respondent's motion is therefore GRANTED and Torres's petition DISMISSED.