**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 16, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60668
Summary Calendar

AGNES MUKARUKIIDI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 308 518

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:*

Agnes Mukarukiidi petitions for review of an order of the
Board of Immigration Appeals (BIA) affirming the Immigration
Judge's (IJ's) decision to deny her applications for asylum and
withholding of removal under the Immigration and Nationality Act
(INA), cancellation of removal, and her claim for withholding of
removal under the Convention Against Torture (CAT).  She argues

---

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that she is entitled to cancellation of removal because her children would suffer atypical hardship if she were removed from this country. She argues that she is entitled to asylum and withholding of removal because she will be subjected to persecution and torture based on her father's political activities if she is returned to Uganda.

This court does not have jurisdiction to review the IJ's discretionary determination that Mukarukiidi's children would not suffer an "exceptional and extremely unusual hardship" if Mukarukiidi were deported to Uganda. *See* 8 U.S.C. § 1229b(b)(1)(D); 8 U.S.C. 1252(a)(2)(B)(i); *Bravo v. Ashcroft*, 341 F.3d 590, 592 (5th Cir. 2003). This court likewise lacks jurisdiction to review the IJ's determination that Mukarukiidi's asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3). Mukarukiidi's petition for review is thus DISMISSED as to her claims concerning cancellation of removal and asylum.

This court will uphold a factual finding that an alien is not eligible for withholding of removal if that finding is supported by substantial evidence. *Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994). The substantial evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). The decision will be affirmed unless the "evidence compels a contrary conclusion." *Id.*

The BIA's decisions concerning Mukarukiidi's claims for withholding of removal are supported by substantial evidence, and the record does not compel a contrary conclusion as to either her INA claim or her CAT claim. Accordingly, Mukarukiidi's petition for review is DENIED as to her claims for withholding of removal.

PETITION DISMISSED IN PART AND DENIED IN PART