United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-61069
Summary Calendar

Jesus Enrique Martinez-Reyes,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70-621-656

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner, Jose Enrique Martinez-Reyes, is a citizen of Mexico who concedes removability, having entered the United States without being admitted or paroled.[1] Petitioner seeks review of the Board of Immigration Appeals' (BIA) March 16, 2005 denial of his application for cancellation of removal.[2] The Immigration Judge (IJ) found Petitioner ineligible for cancellation of removal both for failure to establish ten years of continuous physical presence

---

[*] Pursuant to the 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 8 U.S.C. § 1182(a)(6)(A)(i).

[2] 8 U.S.C. § 1229b(b)(1).

and for failure to demonstrate exceptional and extremely unusual hardship to his U.S.-citizen relatives.[3]  The BIA affirmed solely on the latter grounds.

We lack jurisdiction to review this matter.  The determination that Martinez-Reyes' children and parents would not suffer an "exceptional and extremely unusual hardship" if he were deported to Mexico is within the bounds of the Board's discretionary authority.[4]  Section 1252(a)(2)(B)(i) strips this Court of jurisdiction to review a discretionary decision to deny cancellation of removal.[5]

DISMISSED.

---

[3]  *See* 8 U.S.C. §§ 1229b(b)(1)(A) and (D).

[4]  *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004) (per curiam); *see Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 216 (5th Cir. 2003); *see also Bravo v. Aschroft*, 341 F.3d 590, 592-93 (5th Cir. 2003).

[5]  *Id*.  The rule for judicial review governing cancellation of removal states:

> Notwithstanding any other provisions of law, no court shall have jurisdiction to review–
> (i) any judgment regarding the granting of relief under section...1229b...of this title, or
> (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General....

8 U.S.C. § 1252(a)(2)(B)(i).