United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-20175

(Summary Calendar)
_____

PEDRO GUZMAN

Petitioner - Appellant

v.

ALBERTO GONZALES, U S ATTORNEY GENERAL

Respondent - Appellee

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. H-04-1551

_____

Before SMITH, GARZA, AND PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant appeals the district court's order dismissing his habeas petition for lack of subject matter jurisdiction. We AFFIRM.

I

Petitioner-Appellant, a Mexican national, was granted lawful permanent resident status in 1990. On July 13, 1992, he pled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

guilty to sexually assaulting a child, his niece, in the second degree and was placed on probation for ten years. Based on this conviction, the Department of Homeland Security charged him with removability for having been convicted of an aggravated felony under section 237(a)(2)(A)(iii) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1227(a)(2)(A)(iii). See section 101(a)(43)(A) of the Act, 8 U.S.C. § 1101(a)(43)(A) (defining sexual abuse of a minor as an aggravated felony).

Given the serious nature of his crime, Petitioner-Appellant bore the burden of establishing unusual or outstanding equities in order to qualify for a discretionary waiver of inadmissibility under former section 212(c)of the Act, codified at 8 U.S.C. § 1182(c).[1] Matter of Buscemi, 19 I&N Dec. 628 (BIA 1988). The immigration judge ("IJ") granted Petitioner-Appellant's application for waiver from deportation under section 212(c), finding that he met his burden of demonstrating he deserved the relief as a matter of discretion. The Department of Homeland Security appealed the grant of relief from removal. The Board of Immigration Appeals ("BIA") reversed the IJ's decision and denied the relief because it did not find that Petitioner-Appellant's family ties and his employment history outweighed the gravity of Petitioner-Appellant's offense. The BIA also did not agree with

---

[1] Although repealed in 1996, section 212(c)relief remains available for convictions occurring prior to the repeal of that section. INS v. St. Cyr, 533 U.S. 289, 326 (2001).

2

the IJ that Petitioner-Appellant had established rehabilitation as a positive equity, noting that the Petitioner-Appellant testified that he would have continued having sexual relations with his niece, a minor at the time, if she had not reported the acts at school. In addition, the BIA noted that Petitioner-Appellant did not think it was "such a great crime" to have had sexual relations with his niece since he had become sexually involved with his wife when they both were minors. Thus, the BIA concluded that Petitioner-Appellant's statements "indicate[d] that [Guzman] does not appreciate either the wrongfulness of adults having sex with children or of incestuous sexual relationships." Hence, the BIA vacated the IJ's decision granting Petitioner-Appellant the waiver and ordered Petitioner-Appellant's removal to Mexico.

Petitioner-Appellant filed a district court habeas corpus suit challenging the decision of the BIA denying his application for discretionary relief from removal. He argued that he was entitled to habeas relief based on the BIA's improper balancing of the equities in reversing the IJ's decision. The district court granted the government's motion to dismiss for lack of subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) because "Guzman failed to state any cognizable constitutional or statutory claim in his petition."

II

3

We review de novo the district court's legal determinations regarding jurisdiction.  Requena-Rodriquez v. Pasquarell, 190 F.3d 299, 302 (5th Cir. 1999).

Section 2241(c)(3) may be used broadly to challenge orders of deportation as being in violation of the Constitution or laws or treaties of the United States.  Thus, federal courts retain habeas jurisdiction to review statutory and constitutional claims.  However, section 2241(c)(3) does not confer jurisdiction to review denials of discretionary relief by an IJ or the BIA. Bravo v. Ashcroft, 341 F.3d 590, 592 (5th Cir. 2003).

We find that Petitioner-Appellant fails to state any cognizable constitutional or statutory claim in his petition.  In addition, as former § 212(c) of the Act is a discretionary form of relief, we agree that the district court did not have habeas jurisdiction to review the BIA's decision to deny Petitioner-Appellant relief made available under that section.

Thus, we AFFIRM the district court's dismissal of Petitioner-Appellant's habeas petition for lack of subject matter jurisdiction.