Opinion issued April 27, 2006





                                                        

                                                                                                    



In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00587-CR
NO. 01-05-00601-CR




ARNOLD RAY BEEDY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 46495




O P I N I O N

          Appellant, Arnold Ray Beedy, pleaded guilty to two counts of indecency with
a child by exposure and pleaded true to an enhancement paragraph alleging a prior
conviction for sexual assault of a child. See Tex. Pen. Code Ann. § 21.11 (Vernon
2003). The trial court assessed appellant’s punishment at 12 years in prison on count
I, deferred adjudication of guilt on count II, and ordered 10 years of community
supervision to be served consecutively with the prison sentence. See Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2005); Tex. Pen. Code Ann. § 3.03
(Vernon Supp. 2005). We determine whether the trial court abused its discretion by
ordering that appellant’s deferred-adjudication community supervision run
consecutively with his prison term. We modify the trial court’s judgment by deleting
that portion of the judgment requiring appellant’s deferred-adjudication community
supervision to begin after appellant’s prison sentence is completed and by decreeing,
instead, that the community supervision and prison term run concurrently. We affirm
the trial court’s judgment as modified.
Factual Background

          Appellant pleaded guilty, without a plea agreement, to two counts of indecency
with a child by exposure, and pleaded true to an enhancement paragraph that alleged
a prior conviction for sexual assault of a child. The trial court assessed punishment
at 12 years in prison on count I. The trial court deferred adjudicating appellant’s guilt
on count II, placed him on community supervision for 10 years, and ordered the
community supervision to begin after appellant had served his prison sentence on his
count I conviction. Appellant did not object to the punishments assessed or to the
court’s cumulation of sentences.


         Standard of Review
          We review a complaint about consecutive sentences under an
abuse-of-discretion standard. See Harvey v. State, 821 S.W.2d 389, 392 (Tex.
App.—Houston [14th Dist.] 1991, pet. ref’d). An abuse of discretion generally will
be found only if (1) the trial court imposes consecutive sentences when the law
requires concurrent sentences, (2) the trial court imposes concurrent sentences when
the law requires consecutive ones, or (3) the trial court otherwise fails to observe the
statutory requirements pertaining to sentencing. Nicholas v. State, 56 S.W.3d 760, 765
(Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).           The Law
          Cumulative sentencing is permitted only as provided by statute. See Tex. Code
Crim. Proc. Ann. art. 42.08; see also Tex. Pen. Code Ann. § 3.03; Harvey, 821
S.W.2d at 392. When a defendant has been convicted in two or more cases, the trial
court has discretion to order the judgment and sentence imposed in the second
conviction either (1) to begin to run after the judgment and sentence imposed in the
preceding conviction has ceased to operate or (2) to run concurrently with the
judgment and sentence imposed in the preceding conviction. See Tex. Code Crim.
Proc. Ann. art. 42.08(a). Specifically, subsection (a) of article 42.08 of the Code of
Criminal Procedure provides:
When the same defendant has been convicted in two or
more cases, judgment and sentence shall be pronounced in
each case in the same manner as if there had been but one
conviction. Except as provided by Sections (b) and (c) of
this article, in the discretion of the court, the judgment in
the second and subsequent convictions may either be that
the sentence imposed or suspended shall begin when the
judgment and the sentence imposed or suspended in the
preceding conviction has ceased to operate, or that the
sentence imposed or suspended shall run concurrently with
the other case or cases, and sentence and execution shall be
accordingly; provided, however, that the cumulative total
of suspended sentences in felony cases shall not exceed 10
years, and the cumulative total of suspended sentences in
misdemeanor cases shall not exceed the maximum period of
confinement in jail applicable to the misdemeanor offenses,
though in no event more than three years, including
extensions of periods of community supervision under
Section 22, Article 42.12, of this code, if none of the
offenses are offenses under Chapter 49, Penal Code, or four
years, including extensions, if any of the offenses are
offenses under Chapter 49, Penal Code.

Id. (emphasis added).
          If the convictions arise out of the “same criminal episode” and the cases are
tried together, the sentences must run concurrently unless the convictions are for
certain specified offenses, including sex crimes against children, that arise out of the
same criminal episode, in which case the trial court may exercise its discretion to
cumulate or to stack the sentences. See Tex. Pen. Code Ann. § 3.03. Specifically,
section 3.03 provides: 
(a) When the accused is found guilty of more than one
offense arising out of the same criminal episode prosecuted
in a single criminal action, a sentence for each offense for
which he has been found guilty shall be pronounced. 
Except as provided by Subsection (b), the sentences shall
run concurrently.
 
(b) If the accused is found guilty of more than one offense
arising out of the same criminal episode, the sentences may
run concurrently or consecutively if each sentence is for a
conviction of:
. . . 
 
                              (2)an offense:
 
                                         (A) under Section 21.11, 22.011,
22.021, 25.02, or 43.25
committed against a victim
younger than 17 years of age at
the time of the commission of the
offense regardless of whether the
accused is convicted of violations
of the same section more than
once or is convicted of violations
of more than one section; or
 
                                         (B) for which a plea agreement was
reached in a case in which the
accused was charged with more
than one offense listed in
Paragraph (A) committed against
a victim younger than 17 years of
age at the time of the commission
of the offense regardless of
whether the accused is charged
with violations of the same
section more than once or is
charged with violations of more
than one section;
. . . 
Id. (emphasis added).     Indecency with a child under the age of 17 constitutes one
of these specific offenses that removes the mandated concurrent sentencing. See id;
Tex. Pen. Code Ann. § 21.11.
          Here, appellant’s two offenses required the trial court to take both of these
statutes into account to determine whether to stack the deferred-adjudication
community supervision atop the prison-term punishment. Appellant pleaded guilty
to two counts of indecency with a child under 17 and considered these counts arising
out of the same criminal episode. The State argues that, under section 3.03 of the
Penal Code and article 42.08 of the Code of Criminal Procedure, the trial court was
not required to order concurrent sentences, but had the option of ordering that
appellant’s sentences be served either concurrently or consecutively. 
          To determine whether the trial court abused its discretion in this case, we must
determine whether an order for deferred-adjudication community supervision is a
“conviction” for purposes of the statutes authorizing cumulative sentences. See Tex.
Code Crim. Proc. Ann. art. 42.08 (using term conviction); Tex. Pen. Code Ann. §
3.03 (using term conviction).
           Statutory Construction
A.      Plain and Common Meaning
          When construing a Texas statute, our paramount task is to ascertain the
Legislature’s intent in enacting that provision. Boykin v. State, 818 S.W.2d 782, 785
(Tex. 1991). The starting point in analyzing the meaning of a statute is the language
of the statute itself. Brown v. State, 943 S.W.2d 35, 36 (Tex. Crim. App. 1997). When
a statute is clear and unambiguous, we apply the plain meaning of its words. Ramos
v. State, 934 S.W.2d 358, 364 (Tex. Crim. App. 1996); Boykin, 818 S.W.2d at 785; see
Tex. Gov’t Code Ann. § 311.011 (Vernon 2005). We presume that the Legislature
intended the plain meaning of the words that it used. Boykin, 818 S.W.2d at 785. We
are to presume that every word in a statute has been used for a purpose and that each
word, phrase, clause, and sentence should be given effect. Whitelaw v. State, 29
S.W.3d 129, 131 (Tex. Crim. App. 2000). Unless a statute is ambiguous, we abide by
the clear language of the statute and enforce it as written. See Griffith v. State, 116
S.W.3d 782, 785 (Tex. Crim. App. 2003). When interpreting a statute, we are required
to interpret an unambiguous statute literally, unless doing so would lead to an absurd
result. Id. Only when a literal reading of the statute leads to an absurd result will we
resort to the use of extra-textual factors to determine legislative intent. Id. 
          “Conviction” is not defined in the Code of Criminal Procedure or the Penal
Code. See Tex. Pen. Code Ann. § 1.07 (Vernon 2003); Tex. Code Crim. Proc.
Ann. art. 3.01 (Vernon 2005). The Court of Criminal Appeals and our Court have 
addressed the meaning of the term “conviction” in a number of different settings,
though not for purposes of the stacking statutes.


 The Court of Criminal Appeals has
also concluded, in Ex parte Evans, that it had most often “construed the term
‘conviction’ to mean a judgment of guilt and the assessment of punishment.” Ex parte
Evans, 964 S.W.2d 643, 646–47 (Tex. Crim. App. 1998). 
          That an adjudication of guilt must precede a final conviction has been clearly
stated by the Court of Criminal Appeals. In McNew v. State, the Court of Criminal
Appeals has also considered the meaning of “conviction” in relation to the deferred-
adjudication statute. Id. 608 S.W.2d 166, 171 (Tex. Crim. App. 1978). The court
recognized that “a ‘conviction,’ regardless of the context in which it is used, always
involves an adjudication of guilt.”


 Id. at 172. (emphasis added). Because the
procedures for granting deferred adjudication do not involve an adjudication of guilt
until after community supervision is revoked, if it is ever revoked, the Court of
Criminal Appeals concluded that “it is clear that a trial judge’s action in deferring the
proceedings without entering an adjudication of guilt is not a ‘conviction.’” Id. 
Simply put, whether examined in the context of the term’s plain meaning or of its
common usage, there can be no “final conviction” without an adjudication of guilt. 
See id. 
          Recently, in Donovan v. State, the Court of Criminal Appeals recognized that
deferred adjudication is not a “conviction” because a defendant on deferred-
adjudication community supervision has not been found guilty. Id., 68 S.W.3d 633,
636–37 (Tex. Crim. App. 2002). The court stated that “[t]hat is one of the signal
benefits of deferred adjudication as opposed to, for instance, regular community
supervision. When adjudication is deferred, there is no ‘finding or verdict of guilt.’”
Id. Section 5(a) of article 42.12 provides that placing a defendant on deferred
adjudication is not an adjudication of guilt. See Tex. Code Crim. Proc. Ann. art.
42.12, § 5(a) (Vernon Supp. 2005). Because deferred adjudication does not include
an adjudication of guilt, it is not a conviction for purposes of cumulative sentencing. 
See McNew, 608 S.W.2d at 171.
          Nevertheless, the State argues that interpreting the plain meaning of the statutes
to limit the definition of “conviction” to exclude deferred adjudication is improper. 
The State relies on Pettigrew v. State to support its argument that the Legislature
intended to give the trial court the maximum flexibility possible in stacking sentences. 
See id., 48 S.W.3d 769, 733 (Tex. Crim. App. 2001). Pettigrew is distinguishable. In
Pettigrew, the defendant first had been convicted of aggravated sexual assault and had
been placed on post-conviction community supervision for 10 years. Pettigrew, 48
S.W.3d at 770. While serving his community supervision sentence, the defendant was
convicted of murder and sentenced to 75 years in prison. Id. After the defendant’s
second conviction, the trial court revoked the defendant’s community supervision and
sentenced him to 10 additional years in prison, to run consecutively after the 75-year
sentence for murder. Id. 
          The issue in Pettigrew was whether the trial court could stack the defendant’s
punishment for a previous conviction on top of a sentence for a subsequent conviction. 
 Id. at 770–71. There was no dispute that the trial court was authorized to stack the
two sentences assessed; the only issue was which sentence could be stacked on the
other. See id. at 775 (Johnson, J., dissenting). The Court of Criminal Appeals
interpreted the language of article 42.08 to mean that “a case could be treated as a
‘conviction’ at the time the sentence is suspended or at the time the sentence is
imposed.”


 Id. at 771. In Pettigrew, the court held that the Legislature intended both
suspended and imposed sentences to be treated as “convictions” for the purpose of
stacking in order to give the trial court the maximum flexibility possible in stacking
sentences. Id. 
          Pettigrew concerned a conviction and assessment of punishment, followed by
suspension of the conviction and imposition of community supervision, followed by
revocation of community supervision and reinstatement of the original punishment,
followed by stacking the sentence with another for which the defendant was convicted. 
Here, in contrast, the trial court has not convicted appellant of his count II offense; 
rather, the trial court deferred the proceedings without adjudicating guilt. In
conclusion, the analysis in Pettigrew does not assist this Court because, in Pettigrew,
the trial court revoked the defendant’s community supervision, which had been
imposed upon the suspension of his sentence, then ordered the defendant’s prison
sentences to run consecutively, i.e. there had been an adjudication of guilt and thus
two convictions.   
          Our conclusion is supported by Hurley v. State, in which the Dallas Court of
Appeals held that stacking deferred-adjudication community supervision on top of a
prison term is not permissible under Code of Criminal Procedure article 42.08 and
Penal Code section 3.03 because a deferred-adjudication order is not a conviction. See
Hurley v. State, 130 S.W.3d 501, 507 (Tex. App.—Dallas 2004, no pet.). The State
contends that Hurley was wrongly decided because the term “conviction” has been
defined to include deferred adjudication. See id. In Hurley, the defendant entered
non-negotiated guilty pleas to the charges of indecency with a child under the age of
17 and aggravated sexual assault of a child under the age of 14. Id. The trial court
found the defendant guilty of the first charge and assessed punishment at 15 years in
prison. Id. The trial court deferred adjudicating the defendant’s guilt on the second
offense and placed the defendant on community supervision for 10 years, to begin
after his prison term. Id. The Dallas Court of Appeals held that, because a deferred-adjudication order does not involve a “conviction,” that order cannot be the subject of
cumulative sentencing under Texas law. Id. at 503. For the reasons discussed above,
we agree with the Dallas Court of Appeals’s analysis in Hurley. See id. 
B.      Absurd Result
          Alternatively, the State argues that the plain meaning of the statute, as we have
interpreted it, leads to absurd results and contravenes public policy. Specifically, the
State argues that “[t]here is no logical reason for the legislature to have intended to
allow cummulation [sic] of sentences in [post-conviction community supervision]
cases but not allow them in deferred-adjudication cases. There is no reason for a
distinction between the two forms of community supervision.” 
          We disagree that this result is so absurd that we must conclude that the
Legislature did not mean what it plainly said. There is nothing inherently absurd
about a statutory interpretation that results in the trial court’s having discretion to
stack a post-conviction community supervision order, but not a deferred-adjudication
community supervision order, onto prison time.      
C.      Other Factors
                    When interpreting a statute, we consider the entire act, its nature and
object, and the consequence that would follow from each construction. Boykin, 818
S.W.2d at 785. We must reject any statutory interpretation that defeats the legislative
purpose. Id. Under the Code Construction Act, even when a statute is not ambiguous
on its face, we may consider other factors to determine the Legislature’s
intent—factors including, but not limited to, (1) the object sought to be obtained; (2)
the circumstances of the statute’s enactment; (3) the legislative history; (4) the
common law or former statutory provisions, including laws on the same or similar
subjects; and (5) the consequences of a particular construction. See Tex. Gov’t Code
Ann. § 311.023(1)-(5) (Vernon 2005). We may also consider statutory provisions on
the same or similar subjects. Id. § 312.008 (Vernon 2005). And, “[w]hen the same
or a similar term is used in the same connection in different statutes, the term will be
given the same meaning in one as in the other, unless there is something to indicate
that a different meaning was intended.” Guthery v. Taylor, 112 S.W.3d 715, 721–22
(Tex. App.—Houston [14th Dist.] 2003, no pet.). 
          The State contends that Hurley was also wrongly decided because the term
conviction has been liberally construed to include entry of a guilty plea. See Hurley,
130 S.W.3d at 506–07. The State specifically argues that, under Penal Code section
12.42, deferred adjudication for certain sex offenses can be used as a previous
conviction for enhancement purposes and, therefore, that a similar definition should
be applied under article 42.08 and section 3.03. See Tex. Pen. Code Ann. § 12.42
(Vernon Supp. 2005). Section 12.42(g) provides that a defendant has been previously
convicted of an offense listed under subsection 12.42(c)(2)(B) if the defendant “was
adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return
for a grant of deferred adjudication.” Id. However, this subsection expressly applies
only to section 12.42 of the Penal Code. See Tex. Pen. Code Ann. § 12.42 (g). 
Neither article 42.08 nor section 3.03 includes such a definition for the term
“conviction.” Moreover, that the Legislature felt the need expressly to include
deferred adjudication within the definition of “conviction” in section 12.42 indicates
the Legislature’s understanding that the term “conviction” would not include deferred-adjudication orders unless the Legislature expressly provided to the contrary. The
existence of such a definition in section 12.42, and the absence of the term from both
of the cumulative-sentencing statutes, thus support the conclusion that a deferred-adjudication community supervision order is not a conviction for purposes of
cumulative sentencing. See Hurley, 130 S.W.3d at 506–07. 
          The State also cites federal authority to demonstrate that courts have liberally
construed the a similar definition “conviction.” See Garnica-Vasquez v. Reno, 210
F.3d 558, 559 (5th Cir. 2000) (stating that deferred adjudication is considered
conviction for purposes of federal deportation statute); U.S. v. Stauder, 73 F.3d 56, 57
(5th Cir. 1996) (stating that deferred adjudication is considered conviction in
calculating base offense level for later conviction under federal sentencing guidelines). 
These cases were based on federal statutes and sentencing guidelines containing
definitions of “conviction” that expressly include admissions of guilt without a formal
conviction. Accordingly, considering the plain meaning of the Texas cumulative-sentencing statutes and case law, the federal authority cited by the State is not
persuasive. See Hurley, 130 S.W.3d at 507. 
          The State further argues that the trial court should have the discretion to stack
deferred-adjudication community supervision on a conviction because not allowing
the trial court to do so would deprive appellant of “a chance to clean his record of one
of the two charges if he successfully completes the deferred sentence.” The State does
not show how appellant does not have that opportunity when the deferred adjudication
is concurrent.
          We conclude that appellant’s deferred-adjudication community supervision was
not a conviction for purposes of article 42.08 and section 3.03(c). Accordingly, the
trial court did not abuse its discretion in ordering the deferred-adjudication community
supervision to begin after appellant served his prison sentence.
          We sustain appellant’s sole point of error.                
 
                     
Remedy
          Appellant requests that the judgment be reformed to delete that portion
requiring his deferred-adjudication community supervision to begin after his prison
sentence for count I. The State argues that if this Court holds that it was improper to
stack appellant’s deferred-adjudication community supervision on his prison sentence,
then the Court should remand the cause for a new punishment hearing on count II. 
          The proper remedy for a void cumulation order is to reform the judgment to
delete the cumulation order. Robbins v. State, 914 S.W.2d 582, 584 (Tex. Crim. App.
1996) (distinguishing Ex parte Sims, 868 S.W.2d 803 (Tex. Crim. App. 1993), in
which court remanded cause for new trial because consecutive sentences were part of
negotiated plea bargain); LaPorte v. State, 840 S.W.2d 412, 415 (Tex. Crim. App.
1992). This disposition is appropriate because the decision to stack comes after the
decision of to adjudicate or not to adjudicate guilt and to assess punishment if guilt is
decreed. Although at first blush, it seems unlikely that a trial court would assess
deferred-adjudication community supervision that could be served concurrently with
prison time, it is possible that a trial court could take note of Pettigrew and assess
deferred-adjudication community supervision with the possibility that it could be
adjudicated and stacked at the slightest violation while the defendant is in prison in
order to assure good behavior in prison. 
          Therefore, we modify the judgment to delete the cumulation order. See
Robbins v. State, 914 S.W.2d at 584 & n.1.
Conclusion
          We modify the trial court’s judgment to delete that portion requiring appellant’s
deferred-adjudication community supervision to begin after appellant’s prison
sentence is completed and to decree, instead, that the community supervision and
prison term run concurrently. We affirm the trial court’s judgment as modified.
 
 
 
                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Higley, and Bland.
Publish. See Tex. R. App. P. 47.2(b).