# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-60645
Summary Calendar

SANDRO MIGUEL FERREIRA ALVES, also known as Sandro Alves, also known as Sandro F Alves

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A43 384 568

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Sandro Miguel Ferreira Alves, a native and citizen of Cape Verde, petitions this court for review of an order of the Board of Immigration Appeals (BIA). In his brief, Alves challenges the BIA's denial of his motions to reopen and reconsider. Alves argues that the BIA erred in finding that the doctrines of res judicata and collateral estoppel did not bar the Government from using his prior 1996 and 1997 convictions to invoke the stop time rule. He also contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his prior state convictions have been vacated and are therefore invalid for immigration purposes. Because these convictions are invalid, Alves argues that he is eligible for cancellation of removal. The Government argues that this court lacks jurisdiction over Alves's petition for review because the underlying order was the denial of a discretionary cancellation of removal.

Because Alves's petition for review was not filed within 30 days of the dismissal of his appeal by the BIA, this court lacks jurisdiction to review his argument challenging the BIA's finding regarding the doctrine of res judicata, and his petition for review must be dismissed in part. See 8 U.S.C. § 1252(b)(1); Navarro-Miranda v. Ashcroft, 330 F.3d 672, 676 (5th Cir. 2003).

Although this court lacks jurisdiction to review challenges to discretionary denials of relief under 8 U.S.C. § 1229b, there is a "distinction between eligibility for discretionary relief, on the one hand, and the favorable exercise of discretion, on the other hand." Bravo v. Ashcroft, 341 F.3d 590, 592 (5th Cir. 2003) (internal quotation marks and citation omitted); 8 U.S.C. § 1252(a)(2)(B)(i). Because Alves challenges his eligibility for relief, the jurisdictional bar does not apply. Additionally, this court has jurisdiction to review the denials of motions to reopen and reconsider. Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005).

This court reviews the denial of a motion to reopen and a motion to reconsider for abuse of discretion. Zhao, 404 F.3d at 303. Alves's motion to reopen was denied based on the numerical bar. See 8 C.F.R. § 1003.2(c)(2). Alves does not brief the BIA's denial of his motion to reopen on this basis. Thus, the issue of the denial of the motion to reopen is abandoned. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Alves's remaining arguments challenging the validity of his vacated convictions and his eligibility for cancellation of removal are without merit. In Renteria-Gonzalez v. INS, 322 F.3d 804, 814 (5th Cir. 2002), this court held that "a vacated conviction, federal or state, remains valid for purposes of the

immigration laws." Thus, Alves does not show that the BIA abused its discretion in denying his motion to reconsider. See Zhao, 404 F.3d at 303.

DISMISSED IN PART; DENIED IN PART.