Marvin Charles PETTIGREW,
Appellant,

v.

The STATE of Texas, Appellee.

No. 12–97–00368–CR.

Court of Appeals of Texas,
Tyler.

May 28, 1999.

Rehearing Overruled Aug. 5, 1999.

Discretionary Review Granted
Dec. 1, 1999.

Mark W. Breding, Tyler, for appellant.

Jack Skeen, Jr., Edward J. Marty, Tyler, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

## OPINION

RAMEY, Chief Justice.

In October of 1995, Appellant was convicted of the offense of aggravated sexual assault of a child, and punishment was assessed at ten years' imprisonment and a $2,500 fine. The trial court, however, suspended imposition of sentence and placed Appellant on community supervision for a period of ten years. Thereafter, Appellant's community supervision was revoked and he was sentenced to ten years' imprisonment. Appellant appeals the "Judgment Revoking Probation" raising two points of error. We will modify the judgment, and as modified, affirm.

In its application to revoke community supervision ("application"), the State asserted that Appellant had violated condition 1 of his community supervision requiring him to "obey the law," when he intentionally and knowingly caused the death of Thomas Murphy on or about September 2, 1996, by shooting him with a firearm. It additionally asserted that Appellant ·had violated condition 12 requiring him to satisfactorily perform 320 hours of Community Service Restitution as directed by his supervision officer at the rate of eight hours each month. The State averred that Appellant failed to satisfactorily perform this eight hour requirement during the months of February, March, April, May, July, August and September of 1996.

Following a hearing on the State's application, the trial court found that Appellant had violated both conditions 1 and 12 of his community supervision, it revoked his community supervision and sentenced him to ten years' imprisonment. The trial court then granted the State's motion to cumulate sentences, and ordered that the instant ten-year sentence commence following the completion of Appellant's seventy-five year sentence for the murder of Thomas Murphy.

Appellant's first point of error asserts that the State failed to establish that Appellant violated condition 1 of his community supervision as described because the conviction it introduced in support of its allegation did not show that Appellant caused the death of Thomas Murphy as described in its application. For the reasons stated below, we need not address this point of error.

The only question properly before this Court on a community supervision revocation proceeding is whether or not there was an abuse of discretion in the trial court. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex.Cr.App.1979). The burden of proof in a community supervision revocation hearing is by a preponderance of the evidence. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Cr.App.1984); *Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd).

When there is sufficient evidence to support a finding that a condition of community supervision has been violated by the probationer, the trial court does not abuse its discretion in revoking community supervision. *Cardona,* 665 S.W.2d 492; *Stevens v. State,* 900 S.W.2d 348 (Tex.App.— Texarkana 1995, pet. ref'd). Moreover, proof of *any* alleged violation of a condition of community supervision is sufficient to support revocation of community supervision. *Moses v. State,* 590 S.W.2d 469, 470 (Tex.Cr.App.1979); *Burns v. State,* 835 S.W.2d 733 (Tex.App.—Corpus Christi 1992, pet. ref'd); *Webb v. State,* 757 S.W.2d 830 (Tex.App.—Texarkana 1988, pet. ref'd).

■ Here, through the uncontested testimony of Shontay George, Appellant's supervision officer, the State introduced evidence that Appellant did not perform his Community Service Restitution for the months of February, March, April, May, July, August and September of 1996. George further testified that Appellant had not performed enough Community Service Restitution hours at other times to relieve him of the responsibility for performing those hours during the months alleged in the State's application. Given the uncontroverted evidence that Appellant violated condition 12 of his community supervision and that such violation constituted a proper basis for the court's revocation of Appellant's community supervision, we need not address the contention presented in Appellant's first point of error as it is not necessary to a final disposition of this appeal. TEX.R.APP. P. 47.1.

Appellant's second point of error alleges that the trial court erred in cumulating the instant sentence with the seventy-five year sentence imposed in his murder conviction in cause number 241–81773–96. Appellant argues that TEX.CODE CRIM. PROC. art. 42.08 (Vernon Supp.1998) allows only the cumulation of subsequent convictions. He asserts that since Appellant was placed on community supervision for aggravated assault in October of 1995 and prior to his August 1997 conviction for murder, the aggravated assault is a prior, not a subsequent conviction. Thus, he asserts, the sentence for his prior conviction cannot be stacked onto his sentence for the murder conviction. We agree.

■ The standard of review applied in determining the validity of a cumulation order is abuse of discretion. *Burns v. State,* 835 S.W.2d 733 (Tex.App.—Corpus Christi 1992, pet. ref'd). As noted in that case, when the trial court suspends a sentence and instead places the defendant on community supervision, no sentence has been imposed. *Id.* The question of whether multiple sentences are to be served consecutively or concurrently is not addressed by the trial court at that time because the issue is not ripe; after revocation, however, the court may impose sentences and enter a cumulation order. *See McCullar v. State,* 676 S.W.2d 587, 588 (Tex.Cr.App.1984); *Burns,* at 737. However, unless the defendant is placed on deferred adjudication, community supervision merely works to suspend imposition of sentence; it does not suspend entry of the conviction. *See* TEX.CODE CRIM. PROC. art. 42.12, § 3 (Vernon Supp.1998). Since here, Appellant was not placed on deferred adjudication probation, his conviction for aggravated sexual assault occurred in October of 1995. As noted below, Article 42.08 speaks to the cumulation of sentences for subsequent convictions *not* subsequent sentences:

Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and **subsequent convictions** may either be that the sentence imposed or suspended shall begin when the judgment and the

sentence imposed or suspended in the **preceding conviction** has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; . . . .

TEX.CODE CRIM. PROC. art. 42.08 (Vernon 1998). Consequently, since Appellant's conviction for aggravated assault preceded his conviction for murder, the aggravated assault sentence should not have been cumulated with the murder sentence. *Id.*[1] Thus, the trial court abused its discretion in cumulating the sentences. Appellant's second point of error is sustained.

The trial court's Judgment Revoking Probation is modified to delete the cumulation order which states: "Sentence to begin when the sentence imposed for conviction on August 11, 1997, in cause number 241–81773–96, out of the 241st Judicial District Court of Smith County, Texas for Murder, in which the defendant was sentenced to seventy five (75) years confinement in the Institutional Division of Texas Department of Criminal Justice ceases to operate." *See Johnson v. State*, 930 S.W.2d 589, 592 (Tex.Cr.App.1996). **As modified, the Judgment Revoking Probation is affirmed.** TEX.R.APP. P. 43.2(b).

---

1. Had the procedure the trial court used in *Harvey v. State*, 821 S.W.2d 389 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd) been employed, Appellant's seventy-five year murder sentence could have been stacked on to the ten-year aggravated assault sentence. In *Harvey*, the appellant was placed on probation, but subsequently was tried for murder. Following indictment on the murder charge, the State filed an application to revoke the appellant's probation. The trial court, however, carried the State's application to revoke with the murder trial. Following the jury's finding of the appellant's guilt, the trial court revoked the appellant's community supervision and assessed punishment on the originally probated offense. Shortly thereafter, the jury assessed punishment on the murder conviction, and the trial court stacked the murder sentence onto the sentence imposed at the revocation proceeding