Marvin Charles **PETTIGREW,**
Appellant,

v.

The **STATE** of Texas.

No. 1417–99.

Court of Criminal Appeals of Texas.

June 20, 2001.

Mark W. Breding, Quitman, for Appellant.

Jeffrey L. Van Horn, First Asst. State's Atty., Austin, Edward J. Marty, Asst. DA, Tyler, for State.

## OPINION

KELLER, P.J., delivered the opinion of the Court in which HOLLAND, WOMACK, HERVEY, and HOLCOMB, JJ., joined.

In October of 1995, appellant was convicted of aggravated sexual assault. Punishment was assessed at ten years and appellant was placed on community supervision (probation) for ten years. Appellant later committed a murder and, in August of 1997, was sentenced to seventy-five years imprisonment for that crime. The trial court then revoked appellant's community supervision, sentenced him to ten years imprisonment on the aggravated sexual assault offense, and stacked the ten year sentence onto appellant's seventy-five year murder sentence.

Before the Court of Appeals, appellant complained, among other things, that the trial court erred in stacking the aggravated sexual assault sentence onto the murder sentence because the aggravated sexual assault conviction preceded the murder conviction. The Court of Appeals agreed and deleted the trial court's cumulation order.[1] We will reverse.

■ A trial court has the discretion to stack sentences under certain circumstances:

> Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years....[2]

Reading the language of the statute, the Court of Appeals held that the statute authorizes the stacking of a sentence for a subsequent conviction onto the sentence of a previous conviction but does not authorize the inverse scenario: that is, a trial court cannot stack the sentence of a previous conviction onto the sentence of a subsequent conviction.[3] And the Court of Appeals emphasized that the ability to stack was determined by the order of the *convictions*, not the order of the sentences.[4] The Court of Appeals concluded that the ag-

**1.** *Pettigrew v. State*, *2–*3, 51 S.W.3d 297, ——–—— (Tex.App.—Tyler 1999). The Court of Appeals affirmed the trial court's judgment in all other respects. *Id.* at *3, at ——.

**2.** Texas Code of Criminal Procedure, Article 42.08(a).

**3.** *Pettigrew*, 1999 W.L. at *2–*3, 51 S.W.3d at ——–——.

**4.** *Id.*

gravated sexual assault sentence could not be stacked upon the murder sentence because, even though the aggravated sexual assault *sentence* was imposed subsequent to the murder sentence, the aggravated sexual assault *conviction* preceded the murder conviction.[5] The Court of Appeals reasoned that granting community supervision suspended imposition of the sentence but did not suspend entry of the conviction.[6]

■ At first glance, some language in the statute might appear to favor the Court of Appeals's construction. The statute refers to a "sentence imposed or suspended." Given that language, one might conclude that a "conviction" occurs even when a sentence is suspended, and so the offense with the probated sentence would necessarily constitute the first "conviction." However, there is an alternative interpretation of the language that is more consistent with our prior caselaw: that, for the purpose of stacking, a case could be treated as a "conviction" at the time sentence is suspended *or* at the time sentence is imposed. In other words, when community supervision is revoked, the trial court would have the discretion to treat the case as a conviction at the time of community supervision and stack a subsequently committed offense onto the revoked offense, or the trial court could treat the case as a conviction upon revocation and stack the revocation sentence onto the sentence for

the new offense, if the revocation occurred after the conviction for the new offense.

This latter interpretation is made more plausible by the fact that we are not writing on a clean slate. In *Spencer v. State*, we held stacking to be permissible in a scenario identical in all relevant respects to the present case.[7] On May 15, 1970, Spencer was convicted of burglary and placed on probation for five years.[8] He was subsequently convicted of possession of marijuana, which conviction was affirmed on February 16, 1973.[9] The trial court revoked Spencer's probation on the burglary charge on April 5, 1973 and, at that time, stacked the burglary sentence onto the marijuana sentence.[10] In rejecting appellant's claim that the stacking order was improper, we explained:

> In his last ground of error appellant urges that "the trial court erred in ordering the sentence for burglary cumulative with appellant's sentence for possession of marijuana," since the burglary conviction occurred prior to appellant's conviction for possession of marihuana. We do not agree. Since as in the instant case the sentence was imposed for the first time following appellant's revocation, the court was free to cumulate the sentence with prior outstanding sentences. *See* Article 42.08, Vernon's Ann. C.C.P; *Ex Parte March*, 423 S.W.2d 916 (Tex.Crim.App.1968).[11]

*Spencer* was later followed in *Gordon v. State*,[12] and *Gordon* was followed in *McCullar v. State*.[13]

5. *Id.* at *3, at ——.

6. *Id.* at *2, at ——.

7. *Spencer v. State*, 503 S.W.2d 557, 561–562 (Tex.Crim.App.1974).

8. *Id.* at 558.

9. *Id.* at 559.

10. *Id.* at 561–562.

11. *Spencer*, 503 S.W.2d at 561–562.

12. *Gordon v. State*, 575 S.W.2d 529, 535 (Tex. Crim.App.1979, en banc)(on rehearing). The original panel opinion had overruled *Spencer* but was overturned on rehearing. *See Gordon*, 575 S.W.2d at 531–534, 531 n. 2.

13. *McCullar v. State*, 676 S.W.2d 587, 588 (Tex.Crim.App.1984).

At the time of the trials in these cases, the stacking statute provided:

> When the same defendant has been convicted in two or more cases and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, *except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate,* or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.[14]

The holding in *Spencer* and its progeny is consistent with other caselaw holding that, in some situations, the word "conviction" in a statute means a "final" conviction[15] and, in some situations, probation is not considered to be a final conviction.[16]

■ The "sentence imposed or suspended" language in Article 42.08 occurred later through amendment. That amendatory language appears very clearly designed to *broaden* a trial court's ability to stack sentences by affording the option of stacking periods of community supervision, or stacking a prison term and period of community supervision-an option that had not been present in the prior version of the statute.[17] The amendatory language does not appear to be designed to *restrict* in any manner the trial court's discretion to stack sentences. Had the Legislature intended to impose restrictions, it could have done so in much clearer language than in the present case. "[W]e should be especially reluctant to change a longstanding interpretation of the law on what is, at best, an ambiguous textual basis, when there appear to be other, more obvious explanations for the statutory change."[18]

■ And, while the statute in question has subsequently been amended to allow the stacking of periods of community supervision and to prevent concurrent sentences in certain circumstances, the structure of the statutory language as it relates to the stacking of prison sentences—including its focus on the order of convictions—has remained essentially the same.[19] To the extent that the material portions of the statute have remained unchanged, we presume that the Legislature intended that the judicial interpretation of

---

14. Texas Code of Criminal Procedure, Article 42.08 (1965)(emphasis added).

15. *Arbuckle v. State,* 132 Tex.Crim. 371, 105 S.W.2d 219, 219–220 (1937); *Russell v. State,* 790 S.W.2d 655, 657 (Tex.Crim.App.1990).

16. *Ex Parte Langley,* 833 S.W.2d 141, 143 (Tex.Crim.App.1992)(probation does not constitute a final conviction for purpose of enhancement).

17. *See Green v. State,* 706 S.W.2d 653 (Tex. Crim.App.1986); *State ex rel. Thomas v. Banner,* 724 S.W.2d 81, 84 (Tex.Crim.App.1987).

18. *Mims v. State,* 3 S.W.3d 923, 927 (Tex. Crim.App.1999)

19. In addition to relying upon Article 42.08, *Spencer* also relied upon *March.* In *March,* we distinguished between suspending the *execution* of the sentence and suspending the *imposition* of the sentence. 423 S.W.2d at 917–918. Under the former type of suspension, sentence was imposed but its execution was suspended; upon revocation the execution of the sentence was automatic. *Id.* at 917. With the latter type of suspension, sentence was not imposed until after revocation. *Id.* We held that cumulation of sentence was prohibited if the former method of suspension was used but was allowed if the trial court had used the latter method. *Id.* After 1965, only the latter method of suspending sentences was authorized. *Id.*

the previous version of the statute continue to apply.[20] The logical conclusion, then, is to hold that the Legislature intended both suspended and imposed sentences to be treated as "convictions" for the purpose of stacking in order to give the trial court the maximum flexibility possible in stacking sentences. We hold that the trial court was authorized to stack the aggravated sexual assault sentence onto the murder sentence.

The Court of Appeals's judgment deleting the cumulation order is reversed and the judgment of the trial court is affirmed in all respects.

PRICE, J., filed a dissenting opinion in which MEYERS, JOHNSON, and KEASLER, JJ., joined.

JOHNSON, J., filed a dissenting opinion.

PRICE, J., filed a dissenting opinion, in which MEYERS, JOHNSON, and KEASLER, JJ., joined.

Article 42.08 clearly says that only a second or subsequent conviction can be stacked on a prior conviction. The majority's opinion effectively writes this temporal requirement out of the article by holding that a conviction can occur either when a sentence is imposed or when it is suspended.

The majority uses the "sentenced imposed or suspended" language to broaden the trial court's discretion to stack beyond the letter of the statute. The statute was amended to allow the stacking of terms of probation, which had not been permitted under the language as it existed to that point. *See Green v. State,* 706 S.W.2d 653, 656 (Tex.Crim.App.1986); HOUSE COMMITTEE ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 554, 70th Leg., R.S. (1987) ("Amends Article 42.08, Code of Criminal Procedure to allow a judge to make sentences of probation as well as sentences of confinement either cumulative or concurrent"). But nothing in the statute permits the stacking of a first or prior conviction on a second or subsequent conviction. The majority's interpretation of article 42.08 focuses on the sentence's imposition or suspension and not on the timing of the conviction, which is the focus of the article.[1]

The majority believes that our prior caselaw supports this construction and that the legislature has not altered the article in a meaningful way since those cases. I disagree. Although we held in *Spencer v. State,* 503 S.W.2d 557 (Tex. Crim.App.1974); *Gordon v. State,* 575 S.W.2d 529 (Tex.Crim.App.1979, en banc) (op. on reh'g); and *McCullar v. State* 676 S.W.2d 587 (Tex.Crim.App.1984), that stacking a prior revoked community super-

**20.** "When the Legislature meets, after a particular statute has been judicially construed, without changing that statute, we presume the Legislature intended the same construction should continue to be applied to that statute." *State v. Hardy,* 963 S.W.2d 516, 523 (Tex.Crim.App.1997)(quoting *Marin v. State,* 891 S.W.2d 267, 271–272 (Tex.Crim.App. 1994)).

**1.** Article 42.08(a) states:
(a) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but

one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the *second and subsequent* convictions may either be that *the sentence imposed or suspended* shall begin when the judgment and the sentence imposed or suspended in the *preceding conviction* has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. . . .
(emphasis added).

vision sentence on a subsequent prison sentence is permissible, we did not reach the decisions in those case by construing the language of article 42.08.[2]

The majority notes that the holding in *Spencer* and other cases is consistent with the holdings of other cases in which we have held that the word conviction in a statute means final conviction and sometimes probation is not a final conviction. The cases that the majority cites for this proposition occur in the context of enhancements. The majority then assumes, without analysis or authority, that the same principle must apply in the context of cumulative sentencing.[3]

I am not convinced by the majority's analysis or its interpretation of our caselaw. I would affirm the judgment of the Court of Appeals, and therefore, I respectfully dissent.

JOHNSON, J., dissenting.

The majority states that, under the interpretation used by the court of appeals, "one might conclude that a 'conviction' occurs even when a sentence is suspended. . . ." *Ante*, at 771. It then goes on to say its proposed "alternative interpretation" is more consistent with our caselaw. *Id.* Even if that were true, the "alternative

interpretation" is inconsistent with the language of the Code of Criminal Procedure.

Article 42.12, § 20(a), titled "Reduction or Termination of Community Supervision," says, in part, that if a defendant satisfactorily completes a term of community supervision, the trial court shall discharge the defendant from supervision, and may dismiss the charges against the defendant, "who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty . . . ." (Emphasis added.) How are we to interpret these words in the statute except as an expression of the intent of the Legislature that a sentence imposed and then suspended is no less a "conviction" than a sentence imposed? It seems clear to me that a defendant acquires a conviction when sentence is pronounced. A defendant who is granted community supervision retains the ability to keep that conviction from becoming "final," but has a conviction, nonetheless.

To read into art. 42.08 the discretion for a trial court to decide when that particular defendant acquired a conviction is ludicrous. This would allow a trial court to determine, willy-nilly, when the conviction occurred. That goes against the very

**2.** The case upon which those cases ultimately rely-for the proposition that stacking has been approved for eighty-two years-was decided before the Texas Constitution and the Code of Criminal Procedure authorized community supervision. *Compare Gordon*, 575 S.W.2d at 535 (citing *Ex parte Crawford*, 36 Tex.Crim. 180, 36 S.W. 92 (1896)) ("It makes no difference that Article 42.12, V.A.C.C.P., does not provide for the cumulation of sentences because article 42.08, V.A.C.C.P., provides for their cumulation. The cumulation of sentences has been approved by this Court for eighty-two years."), *with Busby v. State*, 984 S.W.2d 627, 628–29 & n. 6 (Tex.Crim.App. 1998) (citing Act of February 11, 1913, 33d Leg., R.S., ch. 7, 1913 Tex. Gen. Laws 8)

(explaining that community supervision was not authorized in any form until 1913).

**3.** Arguably, there is a good reason for the word conviction to mean a final conviction in the context of enhancements. When the jury considers punishment for an offense that has been enhanced with prior convictions, it considers a different punishment range than if there were no enhancements by prior conviction. *See, e.g.,* Penal Code § 12.42. If the prior conviction is later reversed on appeal, then the appellant would be entitled to a new punishment hearing for the jury to consider the proper punishment range in the subsequent case. It makes sense that a conviction be final for purposes of enhancement.

heart of our judicial system, equal justice under the rule of law. It is not difficult to imagine how such a system could be abused.

There is no dispute that the trial court is authorized to stack the two sentences assessed; the only issue is what may be stacked on what. The real issue here is whether we are going to require that the procedures established by the Legislature and set out in the Code of Criminal Procedure be followed. In the case at bar, the final result will probably be the same, regardless of the decision here; appellant will have an aggregated sentence of eighty-five years. While the result in this case may be the same, that will not be true in all cases. Our job as judges is to maintain the process, not the result. The majority interpretation of the meaning of "conviction" maintains the result, but violates the process.

If we were to choose to follow the procedures mandated by the statute, we would remand the case to the court of appeals with instructions to remand to the trial court for proper sentencing: stacking the subsequent sentence, the murder, onto the first sentence, the aggravated sexual assault. Because the majority does not do so, I respectfully dissent.