In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00223-CR


______________________________




EARL CHARLES REYNOLDS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 25,862-A




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N


 

 Earl Charles Reynolds appeals the revocation of his community supervision. Reynolds was
convicted of assault on a public servant. The trial court assessed his punishment at ten years'
imprisonment, but suspended the imposition of his sentence and placed him on six years' community
supervision. The State later moved to revoke Reynolds's community supervision, alleging that he
violated one of its conditions. Reynolds pleaded true to the State's allegation. The trial court
revoked Reynolds's community supervision, sentenced him to ten years' imprisonment, and ordered
that his sentence run consecutive to the sentences the trial court assessed in a trial conducted
immediately before the revocation proceeding.

 Reynolds's attorney has filed an appellate brief in which he concludes that after a review of
the record and the related law, the appeal is frivolous and without merit. He has evaluated the record
and has found no error that arguably supports an appeal. The brief thus meets the requirements of
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Stafford v. State, 813
S.W.2d 503 (Tex. Crim. App. 1991). Reynolds did not file a pro se response.

 The trial court acted within its discretion in revoking Reynolds's community supervision, as 
proof of a single violation is sufficient to support revocation of community supervision. O'Neal v.
State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). The State alleged Reynolds committed one of
the aggravated assault offenses for which Reynolds had pleaded guilty in the trial that immediately
preceded the revocation proceedings. Further, Reynolds pleaded true to the State's allegation, and
the record indicates that he did so knowingly and voluntarily. The sentence imposed is within the
statutory range for the offense.

 In his Anders brief, Reynolds's attorney asserts that the trial court acted within its discretion
in stacking the sentence it imposed after revoking Reynolds's community supervision on the other
sentences it had imposed in the preceding trial. Article 42.08(a) of the Texas Code of Criminal
Procedure provides:

 [I]n the discretion of the court, the judgment in the second and subsequent
convictions may either be that the sentence imposed or suspended shall begin when
the judgment and the sentence imposed or suspended in the preceding conviction has
ceased to operate, or that the sentence imposed or suspended shall run concurrently
with the other case or cases, and sentence and execution shall be accordingly . . . .


Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2001).

 The Texas Court of Criminal Appeals has recently held that when the trial court revokes a
defendant's community supervision, it has discretion to treat the case as a conviction at the time of
community supervision and stack a subsequently committed offense onto the revoked offense, or to
treat the case as a conviction on revocation and stack the revocation sentence onto the sentence for
the new offense, if the revocation occurred after the conviction for the new offense. Pettigrew v.
State, 48 S.W.3d 769, 771 (Tex. Crim. App. 2001). In the present case, the trial court elected to
stack the sentence it imposed on revocation to the sentences it imposed for the offenses committed
after Reynolds was placed on community supervision. We cannot say under the facts of this case
that the trial court abused its discretion in stacking the sentences.

 In conducting our own review of the record, we observed that the judgment does not reflect
the trial court's stacking order. The judgment recites that Reynolds's sentence is to be "Concurrent
Unless Otherwise Specified" and that "Sentence [is] to begin July 6, 2000," the date sentence was
pronounced. In contrast, at the end of the revocation proceeding, the trial court orally ordered,
"Because you are on felony probation and carried a gun and all that activity resulted in injury to an
innocent victim I am going to stack these sentences [sic] and run them [sic] consecutive with
27,354-A, 356-A; 358-A; 360-A and 362-A." 

 When a written stacking order insufficiently reflects an oral order, but the oral order or other
evidence from the penalty hearing is sufficient, an appellate court can reform the judgment to reflect
a proper stacking order. Banks v. State, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986). An appellate
court has authority to reform a judgment to include an affirmative finding to make the record speak
the truth when the matter has been called to its attention by any source. French v. State, 830 S.W.2d
607, 609 (Tex. Crim. App. 1992).

 Therefore, the judgment is reformed to reflect that Reynolds's ten-year punishment for assault
on a public servant pronounced on July 6, 2000, in cause number 25,862-A in the 188th Judicial
District Court, Gregg County, is to run consecutive to his punishments in cause numbers 27,356-A
(aggravated assault, ten years); 27,358-A (aggravated assault, ten years); 27,360-A (aggravated
assault, ten years); 27,354-A (aggravated assault, fifteen years); and 27,362-A (unlawful possession
of a firearm by a felon, ten years) pronounced in the 188th Judicial District Court, Gregg County,
on July 6, 2000. Banks, 708 S.W.2d at 461. As reformed, the judgment is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: October 15, 2001

Date Decided: October 16, 2001


Do Not Publish



d
Moore in court as the robber. (2) Moreover, this testimony is some evidence Moore was the robber,
making the evidence legally sufficient.

 Further, there was other testimony pointing to Moore as the robber. Jesse and Alex both
testified they identified Moore from the photographic array. The witnesses gave consistent
descriptions of the robber's clothing, lending credibility to their observations. Luis' and Jenny's
descriptions of the robber as being a few inches taller than Luis were consistent with the difference
in height between Luis and Moore.

 Gamez testified she recognized the man Luis and Jenny pointed out to her when they were
standing outside her apartment. She was able to give police information about him, including a
picture of him, from an apartment application. She was also able to identify Moore in court as the
man she saw. Alvarez, the maintenance worker at the apartment complex who was present outside
Gamez' apartment when Luis and Jenny saw the robber, was able to identify Moore from the
photographic array as the man he saw.

 It is true that Luis, Jenny, and Gamez were unable to identify Moore as the robber from the
photographic array. This fact, however, goes to the overall credibility of their identification. It is
well settled that issues of credibility and demeanor are the sole province of the jury. Cain v. State,
958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). As mentioned previously, we may act only to
"arrest the occurrence of a manifest injustice." Johnson, 23 S.W.3d at 12. The record here reveals
no such injustice.

 The judgment is affirmed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 2, 2002

Date Decided: July 3, 2002


Do Not Publish
1. The photograph used in the array was a Houston Police Department photograph, not the one
Gamez provided to police. 
2. In his testimony on redirect examination, Luis clearly identified Moore as the robber. See
Reporter's Record, volume 3, at 36-37. Jenny identified Moore in court as the robber in her
testimony on redirect examination. See Reporter's Record, volume 3, at 78. Jesse identified Moore
in court on redirect examination. See Reporter's Record, volume 3, at 130-31. Alex identified
Moore in court as the robber in his testimony on direct examination. See Reporter's Record, volume
3, at 141.