In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-371 CR


____________________



JOHN DOUGLAS MITCHELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B990173-R






MEMORANDUM OPINION


 John Douglas Mitchell appeals from the revocation of his community supervision. 
The trial court originally convicted Mitchell of felony driving while intoxicated and imposed
a ten year prison sentence, then suspended the imposition of the sentence and placed Mitchell
on community supervision for ten years. The trial court revoked the community supervision
order on findings that Mitchell committed several criminal offenses while on community
supervision. The sole issue raised on appeal contends the trial court erred in ordering the
sentence to be served consecutively to a sentence previously imposed. Mitchell contends an
agreement with the State entitled him to concurrent sentences. We affirm.

 The State's motion to revoke probation alleged the commission of offenses that were
the subject of indictments filed in Cause Nos. B040380-R, B040383-R, and B040386-R. The
parties filed with the trial court a written agreement for the trial court to hear the motion to
revoke community supervision along with the jury trial of one of the three new cases. The
agreement provides as follows:

 The undersigned parties agree that the trial to the court on the State's Motion
to Revoke Probation in cause no. B990173-R will be held simultaneously with
the jury trial in either cause no. B040380-R, B040383-R, or B040386-R. All
parties understand that the charges in cause nos. B040380-R, B040383-R,
and B040386-R are also alleged as violations of probation condition (a)
in B990173-R. The parties also understand that matters unique to the Motion
to Revoke Probation will be addressed out of the presence of the jury and that
the jury will be unaware that a Motion to Revoke has been filed.


 Mitchell was tried and convicted in Cause No. B040383-R. According to the
appellant, "[c]ontrary to the agreement, the motion to revoke probation was heard over two
(2) months later in a separate proceeding." (1) After the trial court denied the motion for new
trial in Cause No. B040383-R, the trial court took judicial notice of the trial and verdict in
that case and heard the motion to revoke community supervision in Cause No. B990173-R.
Mitchell pled "not true" to the allegations in the revocation motion. At the conclusion of the
hearing, the prosecutor asked the trial court to "stack" the sentences in the two cases. 
Defense counsel presented the following argument: 

 [By Defense Counsel]: It would be our position that my understanding that the
record reflects in the Court's file that there was an agreement entered prior to
trial that the motion to revoke would be heard at that time. It was not done at
that time, and I think the time to have issued an order stacking sentences would
be at the time the sentence was announced at the trial and then likewise the
sentence announced now on the motion to revoke which was not done at that
point. So, we would object for the record that, at this point, it's too late to
accumulate this sentence in light of what the agreement was between the
parties at the time. So, whatever sentence the Court deems fit, we would say --
ask that it run concurrent; that the proper time to stack that would have been
at the time sentence was pronounced in that trial. It was not done at that time. 


The prosecutor persisted in requesting concurrent sentences.


 The sole authority cited by Mitchell is Santobello v. New York, 404 U.S. 257, 262, 
92 S.Ct. 495, 30 L.Ed.2d 427 (1971) ("[W]hen a plea rests in any significant degree on a
promise or agreement of the prosecutor, so that it can be said to be part of the inducement
or consideration, such promise must be fulfilled."). Mitchell argues that any order to
cumulate sentences had to be entered at the time sentence was pronounced in Cause No.
B040383-R, because the parties agreed to hold the hearings in a single proceeding. The State
contends the order for consecutive sentences does not contradict the parties' agreement.

 We fail to see how a promise to hear the motion to revoke along with the jury trial of
the other case implicates the cumulation order. First, the decision to order concurrent or
consecutive sentences is discretionary with the trial court. See Tex. Code Crim. Proc. Ann.
Art. 42.08 (Vernon Supp. 2006). The order in which the cases are cumulated is not
important, because both suspended and imposed sentences may be treated as convictions
under Article 42.08. See Pettigrew v. State, 48 S.W.3d 769, 771-73 (Tex. Crim. App. 2001). 
In Pettigrew, the appellant was placed on regular community supervision for aggravated
sexual assault, then committed a murder and was sentenced for that crime. Id. at 770. The
trial court subsequently revoked the appellant's community supervision and imposed the ten-year sentence cumulated on the seventy-five year murder sentence. Id. The Court of
Criminal Appeals held the trial court could stack the sentence for sexual assault onto the
sentence for murder. Id. at 773. Furthermore, "[t]here is no requirement that a sentence must
be imposed in the first conviction before a stacked sentence can be imposed in any
subsequent sentence." Barela v. State, 180 S.W.3d 145, 149 (Tex. Crim. App. 2005). In a
consolidated trial of offenses not arising out of the same criminal episode, the trial court has
the absolute discretion to cumulate the sentences. See Nicholas v. State, 56 S.W.3d 760, 764,
766 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd); Tex. Pen. Code Ann. § 3.03 (Vernon
Supp. 2006). Although a cumulation order may not be entered after the defendant has begun
serving his sentence for the second offense, Mitchell did not begin serving his sentence for
driving while intoxicated before he was sentenced for the new offense. Cf. Ex parte Barley,
842 S.W.2d 694, 695 (Tex. Crim. App. 1992), overruled in part on other grounds by Ex
parte Townsend, 137 S.W.3d 79, 81-82 (Tex. Crim. App. 2004). Thus, taking evidence or
sentencing the defendant in the same or in separate hearings would have no effect on the trial
court's authority to cumulate one sentence upon the other.

 Second, the parties could not plea-bargain for concurrent sentences. The legislature
has not authorized binding plea agreements in the context of revocation proceedings. 
Gutierrez v. State, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003). This is not a situation
where the defendant pled true or engaged in some other concession in return for the State's
agreement to recommend concurrent sentences. Mitchell pleaded "not true" to the
allegations in the State's motion to revoke. The agreement at issue mentioned neither
sentencing nor a promise by the State to recommend concurrent sentences. Since the State's
agreement for a consolidated hearing did not affect the trial court's ability to order
consecutive sentences, the State's sentencing recommendation could not deprive the
appellant of any benefits arising from his agreement to hear the motion to revoke with the
jury trial.

 Moreover, Mitchell limits his claim of error to the cumulation order and does not
claim that any agreement between the State and the defendant required the trial court to
impose the sentence in this case when it pronounced the sentence in the other case. The
claim on appeal is based solely upon Santobello. The agreement in this case provided that
matters unique to the motion to revoke probation would be handled separately from the jury
trial. The trial court considered the evidence and the objections from the jury trial in
considering the motion to revoke community supervision. The agreement required nothing
more. In the absence of an agreement for the State to recommend concurrent sentences,
Santobello is not implicated. We overrule the issue and affirm the judgment.

 AFFIRMED.



 _______________________________

 STEVE MCKEITHEN

 Chief Justice


Submitted on October 10, 2006

Opinion Delivered November 8, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The significance of that statement is not entirely clear. Mitchell appealed his
conviction in Cause No. B040383-R. See Mitchell v. State, No. 09-05-316 CR (Tex. App.--Beaumont Nov. 8, 2006, no pet. h.). The reporter's record filed in that appeal reveals that
before the State began its case-in-chief in Cause No. B040383-R, the parties confirmed with
the trial court that the court could consider the evidence adduced during the trial in resolving
the motion to revoke, but that the motion to revoke would be taken up at another time,
possibly after trial of the three new indictments.