In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00045-CV


______________________________




WAYNE ERNEST BARKER, Appellant



V.



STEVEN R. HALBERT, ET AL., Appellees




 


On Appeal from the 2nd Judicial District Court


Cherokee County, Texas


Trial Court No. 2007-06-0453




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 This is an appeal by Wayne Earnest Barker from the trial court's order dismissing his cause
of action against defendants Steven R. Halbert, Todd A. Foxworth, Theresa Cano, and Johnnie J.
Miller, II. 

 The order entered in this appeal, however, does not dispose of defendant Claudette Slider. 
Further, on our review of the clerk's record in this case, we note that Slider was not served until
March 20, 2008. The order from which Barker appeals was signed March 27, 2008. Therefore,
Slider had not yet filed her answer to the suit.

 The general rule is that a final and appealable judgment must determine the entire
controversy, disposing of all the parties and issues in a case. N. E. Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966); Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890, 892 (1956). 


 Because the trial court's order dismissing this suit did not dispose of all defendants, it is not
final, and this is an interlocutory appeal from a nonappealable judgment. Accordingly, Barker's
appeal is dismissed for want of jurisdiction.



 Jack Carter

 Justice


Date Submitted: May 5, 2008

Date Decided: May 6, 2008




y; line-height: 0.416667in">          Riley first contends the trial court erred by overruling his objection to the State's
closing argument. During the trial, Riley's identity as the person who sexually assaulted
the victim was hotly contested. The following contains the relevant portion of the State's
closing argument, as well as Riley's objection:
[Prosecutor]: . . . . So the real issue in this case is who sexually
assaulted [the victim]? Now, the defense wants you to believe that, first of
all, it wasn't Mr. Riley. And there was the issue about Patrick Hollins, "Who
was Patrick Hollins?" Patrick Hollins has nothing to do with this case. You
have to remember [the victim] is mentally retarded. She knows -- maybe she
did, maybe she named someone named Pat. And, boy, if I'm a mother and
if my child could give me any information at all, I would be telling the police
every Pat that I know. The police followed up on that, they found a Patrick
Hollins. They sent his DNA down, it was excluded.
 
[Defense Counsel]:Objection, Your Honor. That states facts that
aren't in evidence.
 
THE COURT:Approach the bench.
 
                     (Bench conference, outside jury's hearing:)
 
THE COURT:I think it is, . . . .
 
[Defense Counsel]:Well, there was evidence -- something was said --
 
[Prosecutor]:It's in the report.
 
[Defense Counsel]:-- but it never came out that it was actually his.
 
[Prosecutor]:It's in the report, Patrick Hollins.
 
THE COURT:Well, if it's [sic] evidence, it's in evidence. Go
ahead.

          The State contends the trial court's statement, "Go ahead," is not a ruling on Riley's
objection and, therefore, this issue has not been preserved for appellate review. "To
preserve error for review a defendant must receive an adverse ruling on his objection." 
Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991). A trial court's ruling on a
defendant's objection must be "conclusory; that is, it must be clear from the record the trial
judge in fact overruled the defendant's objection or otherwise error is waived." Id. In
Ramirez, the Texas Court of Criminal Appeals held the trial court had implicitly overruled
the defendant's objection and the error was thereby preserved for appellate review. Id. at
650. In this case, the trial court stated that it believed the disputed facts were in evidence
and permitted the State to continue its argument over the defendant's objection. We
believe the trial court's instruction to the State, "Go ahead," was an implicit overruling of
Riley's objection. Therefore, the ruling was adverse to Riley and error was preserved. But
cf. Sands v. State, 64 S.W.3d 488, 491 (Tex. App.—Texarkana 2001, no pet.) (trial court
carried motion with case, did not rule, and defendant later waived objection by permitting
admission of same evidence without objection).
          There are four permissible areas of jury argument: (1) a summation of the evidence
presented, (2) reasonable deductions from the evidence presented, (3) responses to the
argument(s) of opposing counsel, and (4) pleas for law enforcement. Rocha v. State, 16
S.W.3d 1, 21 (Tex. Crim. App. 2000). In this case, the trial court admitted into evidence,
without objection, the State's ninth exhibit. That exhibit is a laboratory report from the
Texas Department of Public Safety concerning sexual assault evidence collected from the
victim and a suspect identified as "Patrick Hollins." John Donahue, a serologist previously
with the Texas Department of Public Safety, had analyzed DNA from the victim's rape kit
examination and DNA from Patrick Hollins to determine whether Hollins could be excluded
as a suspect in the rape. After conducting the requisite tests, Hollins prepared a laboratory
report that included his findings. In relevant part, the laboratory report states,
The DNA recovered from the sperm fraction of the vaginal swab indicates a
mixture of DNA from two or more persons. The victim is included as a
possible contributor of DNA to this mixture. Suspect Hollins is excluded as
a possible contributor to this mixture.
 
(Emphasis added.) 
          Donahue had also testified that, through DNA testing, he had been able to exclude
Hollins as a suspect. Therefore, there was evidence Hollins had been ruled out as the
perpetrator. We hold the trial court properly overruled Riley's objection to the State's
closing argument.
          In his second point of error, Riley contends the trial court erred by ordering his
sentence in the case now on appeal be "stacked" on to his sentence from a robbery
conviction. 
          On December 1, 2000, the 202nd Judicial District Court found Riley guilty of a
robbery committed October 10, 2000, in trial court cause number 00-F-0694-202. The trial
court placed Riley on community supervision for that offense. On November 18, 2002, the
trial court in that cause found Riley had violated the terms and conditions of his community
supervision, revoked Riley's community supervision, and sentenced Riley to six years'
imprisonment.
          In this case, on February 5, 2003, a jury in the 202nd Judicial District Court, in cause
number 01-F-0294-202, found Riley guilty of aggravated sexual assault, that offense
having occurred July 14, 1999. The trial court ordered that Riley not begin serving the
sentence in the case now on appeal until he first served his sentence for which he received
six years' imprisonment. See Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2004).
          On appeal in this case, Riley asks us to limit a trial court's discretion to cumulate
sentences to situations where (1) the conviction on which the present sentence is being
stacked chronologically preceded the current charge, and (2) the trial court has carefully
weighed mitigating considerations, such as participation in personal counseling or the
Texas Department of Criminal Justice's "SAFPF" program. 
When the same defendant has been convicted in two or more cases,
judgment and sentence shall be pronounced in each case in the same
manner as if there had been but one conviction. Except as provided by
Sections (b) and (c) of this article, in the discretion of the court, the judgment
in the second and subsequent convictions may either be that the sentence
imposed or suspended shall begin when the judgment and the sentence
imposed or suspended in the preceding conviction has ceased to operate,
or that the sentence imposed or suspended shall run concurrently with the
other case or cases, and the sentence and execution shall be accordingly;
. . . .
 
Tex. Code Crim. Proc. Ann. art. 42.08(a). We review a trial court's cumulation order for
abuse of discretion. Pettigrew v. State, 48 S.W.3d 769, 770 (Tex. Crim. App. 2001). 
          The State maintains "the offense date of either of Riley's felonies is irrelevant." The
State is correct. In Pettigrew, the Texas Court of Criminal Appeals emphasized that, for
the purpose of cumulating sentences, the date sentence is either imposed or suspended
is the key date for the trial court to consider. Id. at 770, 771 (affirming trial court's stacking
of 1995 sexual assault revocation on top of 1997 murder); see Spencer v. State, 503
S.W.2d 557, 561–62 (Tex. Crim. App. 1974) (affirming trial court's stacking order that
defendant's conviction for 1973 offense be served before beginning to serve sentence for
1970 offense), overruled on other grounds, Gordon v. State, 575 S.W.2d 529, 531 n.2
(Tex. Crim. App. 1978). Neither caselaw nor the statute's plain language limits a trial
court's discretion to cumulate sentences to those instances where the defendant's charges
are tried in chronological order according to the date of the offense.
          In this case, the record reflects Riley was convicted in two separate cases. The
decision whether to order the sentences be served consecutively or concurrently was
entirely within the trial court's discretion. The record does not lead us to conclude the trial
court abused its discretion in this case.
          We affirm the trial court's judgment.


                                                                           Donald R. Ross
                                                                           Justice


Date Submitted:      March 29, 2004
Date Decided:         March 31, 2004


Do Not Publish