**Affirmed as Modified; Opinion Filed August 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00101-CR

### QUIDALE D. DICKERSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 5
### Dallas County, Texas
### Trial Court Cause No. F-1061899-L

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Brown
Opinion by Justice Lang

Quidale Dickerson was charged by indictment with the offense of aggravated assault with a deadly weapon to which he pled guilty. The trial court deferred adjudication and sentenced Dickerson to six years' community supervision. Before this six year period elapsed, Dickerson pled true to violating several of the conditions of his community supervision. The trial court adjudicated Dickerson's guilt and sentenced him to ten years' confinement to be served consecutively with the sentences he received for aggravated assault on a public servant (the "public servant cases"). In two issues on appeal, Dickerson argues the imposition of the consecutive sentences is unconstitutionally disproportionate under the Eight Amendment of the United States Constitution and under Article I, Section 13 of the Texas Constitution. We decide against Dickerson on his two issues.

In addition to the issues raised by Dickerson, the State contends the judgment states in error that Dickerson's sentences are to run concurrently. We agree the judgment is in error and the record reflects the sentences are to run consecutively. Accordingly, we modify the judgment to reflect that Dickerson's sentences run consecutively. As modified, the trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 2011, Dickerson pled guilty to the offense of aggravated assault with a deadly weapon. The trial court deferred adjudication of guilt and sentenced Dickerson to six years of community supervision.

On July 6, 2012, alleging a number of community supervision violations, the State filed a motion to revoke Dickerson's community supervision and to proceed with an adjudication of guilt in that case. Later, on December 10, 2012, the State filed a motion to cumulate Dickerson's sentences with "other case(s)" he had before the trial court, specifically, the public servant cases for which the jury had found Dickerson guilty on November 30, 2012.

On January 18, 2013, at the hearing on the State's motion to proceed with an adjudication of guilt, Dickerson pled true to violating a number of the conditions of his community supervision. The trial court accepted Dickerson's plea and found him guilty.

Both Dickerson and the State presented evidence as to punishment. The State relied on the testimony of six officers from the Dallas County Sheriff's Office and the Dallas Police Department to establish certain aggravating facts. For instance, Officer Robbie Robertson testified, following his trial in the public servant cases, Dickerson became "very agitated" while

in his holdover cell. Officer Robertson stated that, while he was talking on the phone, he heard a crash in Dickerson's cell and observed the overhead light had been shattered.[1]

In addition to this incident, three jail guards testified to three distinct instances of Dickerson masturbating in public, while facing a female guard or nurse. Officer James Boyd testified Dickerson had a "long history" of openly gratifying himself while in jail. Officer Boyd also testified regarding an incident in which Dickerson was removed from a "tank" with other inmates because a fight was about to break out between them due to racial tensions.

On another occasion, Officer Monica Bratton testified she conducted a search of Dickerson's cell in response to the complaints of several inmates who reported missing items they had purchased from the commissary. As a result of this, Officer Bratton discovered that, although Dickerson had not purchased any commissary items in two weeks, Dickerson had possession of commissary items that matched the items that other inmates had complained were stolen.

Finally, Officer Craig Redden of the Dallas Police Department Gang Unit testified that Dickerson had two tattoos on his forearm that read "Butter Beans." Officer Redden explained that Butter Beans is "a sect off [sic] the Blood gang." He further testified he had reason to believe Dickerson was still involved with the Blood gang from a hand-drawn hand sign displayed on Dickerson's Facebook page, which appeared to show the "hand sign for the Bloods."

Dickerson called his mother to testify in his defense. He also testified in his own defense, stating he had learned his lesson from being in jail and requested the court not run his sentences consecutively. He admitted he did not know how many times he was cited for masturbating in

---

[1]At the hearing, Dickerson admitted to breaking this light.

front of female jail employees and testified he did not know how many times he had been moved for "breaking up a click [sic]."

Following the presentation of evidence, the trial court sentenced Dickerson to ten years' confinement to run consecutively with the sentences he received in the public servant cases.

## II. ERROR IN DENYING MOTION TO SUPPRESS

### A. Standard of Review

"[A] trial judge has discretion to cumulate a defendant's sentence for two or more convictions." *Revels v. State*, 334 S.W.3d 46, 53 (Tex. App.—Dallas 2008, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon 2006)). "If community supervision is revoked and a sentence is imposed after the defendant's conviction and sentencing for a new offense, then the court has the discretion to treat the revocation as a subsequent conviction for the purpose of stacking sentences." *Edwards v. State*, 106 S.W.3d 833, 845 (Tex. App.—Dallas 2003, pet. ref'd) (citing *Pettigrew v. State*, 48 S.W.3d 769, 771 (Tex. Crim. App. 2011)).

An abuse of discretion occurs when a trial court "applies an erroneous legal standard or when no reasonable view of the record supports the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion." *Revels*, 334 S.W.3d at 53. Additionally,

> as a practical matter, an abuse of discretion in the context of cumulation of a defendant's sentences will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing.

*Id.* at 54 (citing *Nicholas v. State*, 56 S.W.3d 760, 764 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)). That is, "so long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences." *Id.*

### B. Applicable Law

A person commits the offense of aggravated assault if he commits an assault and either (1) causes serious bodily injury to another or (2) uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a). Such an offense is a felony of the second degree. TEX. PENAL CODE ANN. § 22.02(b). A second degree felony is punishable by confinement of between two and twenty years. TEX. PENAL CODE ANN. § 12.33(a).

### C. Application of the Law to the Facts

Dickerson contends the sentence imposed in this case violates his rights under the Constitutions of both Texas and the United States, arguing his sentence is "grossly disproportionate to the crime and inappropriate to the offender." He asserts, *inter alia*, that because "the State offered no witnesses to contradict [Dickerson's] situation" and because the court imposed Dickerson's sentence after Dickerson "demonstrated the cause of his [community supervision violations] was not related to any violent tendencies," his sentence was "grossly disproportionate to the crime charged" and to his "personal circumstances."[2]

The State's responds, first, by arguing Dickerson failed to preserve this argument for appellate review. Second, the State contends the trial court based Dickerson's sentence on "ample evidence" and thus, did not abuse its discretion. Third, the State asserts Dickerson has provided no evidence to compare his sentence with other sentences. We agree with the State on all points.

---

[2] These "personal circumstances" are not clarified in the argument or fact sections of Dickerson's brief. In his brief, Dickerson asserts, "Based on the evidence presented it is clear [Dickerson] has a serious drug addiction," but this statement is not supported by the record.

The record reflects Dickerson did not object to his sentence at trial, nor did he file any post-trial motions. Because he failed to bring this argument to the trial court's attention, Dickerson may not raise this argument for the first time on appeal. *See* TEX. R. APP. P. 33.1(a); *see also Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005) ("All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."). Even "[c]onstitutional rights, including the right to be free from cruel and unusual punishment, may be waived." *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Accordingly, Dickerson has not preserved this issue for our review.

Even assuming Dickerson had preserved his issue for appeal, we conclude the trial court did not abuse its discretion. The trial court imposed a sentence that was within the two to twenty year statutory range provided for aggravated assault. *See* TEX. PENAL CODE ANN. § 12.33(a). Both as to the length of Dickerson's sentence, as well as to the decision to cumulate the sentences, the trial court had broad discretion. *See Revels*, 334 S.W.3d at 53-54

On this record, we cannot conclude the trial court abused its discretion in ordering Dickerson's sentence in this case to run consecutively to the sentences imposed in the public servant cases. *See id.* We decide against Dickerson on his sole issue.

### III. MODIFYING THE JUDGMENT TO REFLECT SENTENCES TO RUN CONSECUTIVELY

The State also raises the issue that the judgment should be modified to reflect that Dickerson's sentence in this case runs concurrently with the sentences in the public servant cases. In the oral pronouncement of punishment, the trial court ruled Dickerson's sentences were

to run consecutively. However, the written judgment states Dickerson's sentences are to run concurrently.

This Court has the power to modify an incorrect judgment to make the record speak the truth where we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the judgment to reflect that Dickerson's sentences are to run concurrently.

## IV. CONCLUSION

We modify the judgment to reflect that Dickerson's sentences are to run consecutively and affirm the judgment as modified.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

130101F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

QUIDALE D. DICKERSON, Appellant

No. 05-13-00101-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1061899-L.
Opinion delivered by Justice Lang. Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

to reflect that Dickerson's sentences are to run consecutively.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 18th day of August, 2014.