**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00047-CR

**MARCUS RAY HAYNES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 260th District Court**
**Orange County, Texas**
**Trial Cause No. D230330-R**

---

**MEMORANDUM OPINION**

Appellant, Marcus Ray Haynes, appeals the trial court's judgment finding him guilty of the offense of continuous sexual abuse of a child and ordering his sentence of forty years of confinement to be served consecutively with his sentences for aggravated sexual assault of a child and possession of a controlled substance. *See* Tex. Penal Code Ann. §§ 21.02, 22.021; Tex. Health & Safety Code Ann. § 481.102(6). For the reasons set forth below, we affirm the trial court's judgment.

1

## BACKGROUND

In cause number D230330-R, Haynes was indicted for continuous sexual abuse of "Nancy."[1] In cause number D230333-R, Haynes was charged with aggravated sexual assault of "Allison," a different child under fourteen years old, and with the alleged offenses having occurred in different years. In cause number D230654-R, Haynes was charged with a drug offense. In open pleas to the trial court, Haynes pleaded guilty to all three charges, but the trial court did not accept Haynes' guilty pleas at that time.

After a presentence report was completed, the trial court convened another hearing, heard testimony from Haynes' victims in cause numbers D230333-R and D-230330-R, accepted Haynes' guilty pleas in both cases, sentenced Haynes to twenty years in cause number D230333-R and forty years in cause number D230330-R, and ordered the sentences to run consecutively.

On appeal, Haynes argues that the trial court's order violates section 3.03 of the Texas Penal Code, which outlines when a trial court must impose concurrent

---

[1] We refer to the victims by pseudonyms to conceal their identities. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process"). *See Smith v. State*, No. 09-17-00081-CR, 2018 Tex. App. LEXIS 1874, at *2 n.1 (Tex. App.—Beaumont Mar. 14, 2018, no pet.) (mem. op., not designated for publication).

sentences. *See* Tex. Penal Code Ann. § 3.03(b). The State argues the stacking or cumulation of the sentences is valid. *See id.* § 3.03(b)(2)(A), (2-a)(A).

## STANDARD OF REVIEW

We review complaints about a trial court's decision to "stack" or run sentences consecutively for an abuse of discretion. *Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.—Houston [1st Dist.] 2006, *aff'd*, 250 S.W.3d 107 (Tex. Crim. App. 2008); *see* Tex. Code Crim. Proc. Ann. art. 42.08(a). The legislature intended "to give the trial court the maximum flexibility possible in stacking sentences[,]" but that discretion is limited by section 3.03 of the Texas Penal Code, which specifies when sentences must run concurrently or may instead run consecutively. *Pettigrew v. State*, 48 S.W.3d 769, 773 (Tex. Crim. App. 2001); *see* Tex. Penal Code Ann. § 3.03. Generally, an abuse of discretion occurs if the record shows the trial court lacked the authority to cumulate the defendant's sentences in the manner the court ordered in the case or cases that the defendant appealed. *See Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Section 3.03 of the Penal Code states, in pertinent part:

(a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which the accused has been found guilty shall be pronounced. Except as otherwise provided by this section, the sentences shall run concurrently.

3

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

. . .

(2) an offense:

(A) under Section 33.021 or an offense under Section 21.02, 21.11, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or

(B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A) committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of more than one section;

. . .

(8) any combination of offenses listed in Subdivisions (1)-(7).

Tex. Penal Code Ann. § 3.03.

"Criminal episode" is defined as

[T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

*Id*. § 3.01.

## ANALYSIS

We begin by determining whether section 3.03 of the Penal Code applies to this case by examining whether Haynes was prosecuted in a "single criminal action" for offenses constituting the "same criminal episode." *See id*. §§ 3.01, 3.03. The drug offense was not part of the "same criminal episode" as the continuous sexual abuse offense because it was neither part of the same transaction nor the repeated commission of a same or similar offense. *See id*. Accordingly, section 3.03 would not apply to the drug offense and the trial court was authorized to stack or cumulate the sentences for continuous sexual abuse on the sentence for drug possession under article 42.08 of the Texas Code of Criminal Procedure. *Id.*, *see* Tex. Code Crim. Proc. Ann. Art. 42.08. ("[T]he judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly[.]"). That said, assuming without deciding that Haynes was prosecuted in a "single criminal action" for continuous sexual abuse of a child and for aggravated sexual assault and that such offenses were part of the "same criminal episode," we conclude one or more

5

statutory exceptions applies which permitted the trial court to stack or cumulate the twenty- and forty-year sentences. *See* Tex. Penal Code Ann. § 3.03(a), (b). The statutory exceptions where stacking may be allowed include, among others, offenses for continuous sexual abuse of a young child and aggravated sexual assault. *See id.* §§ 3.03(b)(2), (2-a), 21.02, 22.021(a)(1)(B).

Haynes pleaded guilty to and was convicted of both continuous sexual abuse of a young child and aggravated sexual assault of a child. *See* Tex. Penal Code Ann. §§ 21.02, 22.021. Since section 3.03 of the Penal Code permits sentences for these offenses to be cumulated, we affirm the trial court's order cumulating Haynes' twenty- and forty-year sentences. *See id.* §§ 3.03(b)(2), (2-a).

We overrule Haynes' sole issue.

## CONCLUSION

We affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on October 21, 2025
Opinion Delivered November 26, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

6