United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60663
Summary Calendar
_____

FIRAS KALALIB,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 894 332
--------------------

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Firas Kalalib, a native and citizen of Syria, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's denial of his applications for waivers of inadmissibility and adjustment of status. First Kalalib asserts that the immigration judge (IJ) erred in requiring him to establish that his wife would suffer extreme hardship if he were deported in order to obtain a waiver of inadmissibility under 8 U.S.C. § 1182(h). The IJ did not err in requiring Kalalib to meet the requirements of § 1182(h)(1)(B). He does not qualify for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a waiver under subparagraph (A) under the statute's plain language because the IJ determined that he is inadmissible under both § 1182(a)(2)(A)(i)(D) and § 1182(a)(6)(C)(i). See § 1182(h)(1)(A).

In the alternative, Kalalib asserts that he did establish that his wife would suffer extreme hardship upon his deportation, such that he is entitled to waivers of inadmissibility under § 1182(h) and (i). We are precluded from considering this issue by 8 U.S.C. § 1252(a)(2)(B), which bars judicial review of the IJ's discretionary determinations under § 1182(h) and (i).

Kalalib also asserts two arguments that he failed to raise before the BIA: that the IJ violated his Due Process rights in finding that he had committed visa fraud and that the IJ ignored BIA precedent in denying his application for adjustment of status. Because Kalalib failed to exhaust these issues, we do not have jurisdiction to consider them. See § 1252(d)(1); Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004).

Finally, Kalalib asserts that the IJ erred in considering his prior arrests in exercising his discretion. This court lacks jurisdiction to review the bases for discretionary determinations under § 1182(h) & (i) and § 1255. See § 1252(a)(2)(B)(i).

The petition for review is DENIED.