United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60008
Summary Calendar

FEROZ ALI BUDHWANI, also
known as Rusesh Joshi,

                                        Petitioner,

        versus

ALBERTO R. GONZALES, U.S. ATTORNEY,

                                        Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A79 002 879

Before GARWOOD, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Feroz Ali Budhwani, a native and citizen of India, petitions
this court for review of the Board of Immigration Appeals' (BIA)
order affirming the denial of his request for a waiver of
inadmissibility under 8 U.S.C. § 1182(i), the denial of his request
for adjustment of status, and final order of removal.  The

---

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigration judge (IJ) ruled that Budhwani was ineligible for a section 1182(i) waiver on the ground that Budhwani did not have a qualifying relative because his parental rights to his child had been terminated. The BIA affirmed the IJ's ruling on the ground that Budhwani had not shown the extreme hardship required to obtain a waiver under section 1182(i), without resolving whether Budhwani's child was a qualifying relative.

Budhwani argues that the BIA abused its discretion by determining that he had not shown the extreme hardship required for a section 1182(i) waiver. The BIA denied Budhwani's request for a waiver under section 1182(i) based upon its factual finding that he had not shown the required extreme hardship. Budhwani's petition for review does not raise a challenge to this ruling based upon a question of law or a constitutional challenge to the BIA's decision. Therefore, we do not have jurisdiction to consider Budhwani's challenge to the BIA's determination that extreme hardship had not been shown. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), (a)(2)(D). *See also, e.g., Kalalib v. Gonzales*, 193 F. App. 306, 2006 WL 224288 (5th Cir. 2006); *Bravo v. Ashcroft*, 341 F. 3d 590 (5th Cir. 2003); *Rueda v. Ashcroft*, 380 F.3d 831 (5th Cir. 2004); *Delgado-Reyuna v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006); *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 560-61 (5th Cir. 2006).

To the extent that Budhwani is seeking to raise a legal or constitutional argument that the BIA should not have ruled on the

extreme hardship issue because he was prevented from presenting evidence to the IJ on that issue, the argument lacks any arguable merit. The record (e.g., AR 204-05, 217, 225-227) shows that Budhwani through counsel conceded before the IJ that his child was not a qualifying relative and that he was not entitled to a section 1182(i) waiver, and he did not seek to present evidence of extreme hardship. In these circumstances the BIA did not err (or abuse its discretion) in failing to grant relief on such a basis or in failing to expressly address the matter. *See, e.g.,* 8 C.F.R. § 1003.1(d)(2)(i) (2005) (". . . panel may summarily dismiss any . . . portion of any appeal . . . in which . . . (B) The only reason for the appeal specified by the party . . . involves a finding of fact or a conclusion of law that was conceded by that party at a prior proceeding . . . [or] (D) . . . the appeal lacks an arguable basis in fact or in law . . . ."); *Matter of Jimenez-Santillano*, I. & N. Dec. 567, 570 n.2, 1996 WL 426890 (BIA) (". . . this issue was neither raised before nor ruled upon by the Immigration Judge. Therefore, we will not decide the issue, for it is not properly before us").

PETITION FOR REVIEW DISMISSED in part and otherwise DENIED.

3